Aron Steuer, J. P.
Defendant has moved for summary judgment and plaintiff cross-moved for the same relief.
Both parties are insurance companies and both issued policies to one Williams covering the same vehicle. Williams made a claim against plaintiff on the policy, which claim .plaintiff paid. Plaintiff then sued defendant for a proportionate share of the payment made. The defense to the suit is that the policy issued by defendant was not in force at the time of the accident. Whether or not it was, is the issue in the case.
Defendant’s policy was issued July 8, 1957 and expired by its terms July 7, 1958. Plaintiff’s policy was issued July 8, 1958 and expired July 7, 1959. The accident occurred on July 14, 1958. Prior to the expiration of defendant’s policy by its terms, defendant sent the insured a renewal for the ensuing year and so notified the Motor Vehicle Bureau. Williams made no response to this notice. The pertinent parts of section 93-c of the Vehicle and Traffic Law read: “ No contract of insurance or renewal thereof for which a certificate of insurance has been filed v/ith the commissioner shall be terminated by cancellation by the insurer or failure to renew by the insurer until at least ten days after mailing to the named insured at the address shown on the policy a notice of termination. * * * provided, however, if another insurance contract has been procured, such other insurance contract shall, as of its effective date and hour, terminate the insurance previously certified with respect to any motor vehicles designated in both contracts.”
The above is part of the statute implementing the practice of compulsory vehicular insurance. The object is to see to it that insurance is coterminous with the license to operate. The obvious intent of the quoted statute is to keep existing insurance in effect during a 10-day period in which either a renewal or a new policy may be provided. If neither, the operator must yield his license. If he is covered by a new policy, the provisions in regard to renewal become unnecessary and ineffectual.
*1052 It was, therefore, defendant’s contention that its renewal policy became void. There is nothing in the statute which so provides. If the insured rejected the renewal policy it is true that there is no statutory mandate keeping either the old or new policy in effect. But nothing in the statute would have prevented the insured from accepting the policy and having two policies of insurance.
It would, therefore, appear that there was no error in the denial of defendant’s motion. The cross motion sets out, in addition to the foregoing facts, that after the claim made by the insured, plaintiff notified defendant who admitted that it had an effectual policy and authorized plaintiff to investigate the claim. Defendant claims that this admission was an error, the individual making it having mistakenly assumed that its policy had been accepted by the insured.
Defendant’s admission is not conclusive and can be explained. The real issue is whether the insured accepted the policy issued to him by defendant or rejected it. To put it differently, was the policy issued by plaintiff in lieu of or in addition to defendant’s policy. This issue is not resolved and, failing that, summary judgment should not issue.
The order denying defendant’s motion for summary judgment should be affirmed. The judgment on plaintiff’s motion for summary judgment should be reversed, judgment vacated and motion denied, without costs.
Aurelio and Tilzer, JJ., concur.
Order affirmed, etc. Judgment reversed, etc.