Frank S, Samansky, J,
This is a motion for summary judgment. The plaintiff moves for this relief for the sum of $1,548, with interest. The action is based on a judgment obtained by the plaintiff in the Municipal Court of the City of New York, Borough of Brooklyn, First District, against one Henry Johnson, hereinafter called the insured, for property damages to plain *488 tiff on September 28,1956 caused by the insured in the ownership, operation and control of his 1952 Mercury automobile.
Prior to September, 1956 the defendant for a valuable consideration issued a policy of insurance in favor of the insured covering liability for injuries to persons and property damage resulting from the ownership, operation and control of said 1952 Mercury automobile. Said policy was in full force and effect on September 28, 1956, and further provided that any person or his legal representative who secured a judgment against the insured for damages arising out of the operation of the insured’s aforesaid motor vehicle during the period covered by said policy shall thereafter be entitled to recover under the terms of the policy to the same extent and in the same manner as the insured.
The plaintiff states in his moving papers that he believes that the insured gave notice of the accident to the defendant. The facts further disclose that a summons and complaint in an action entitled Harry Karp v. Henry Johnson were served upon the insured, Henry Johnson, on March 6, 1958; that thereafter the defendant by its legal representative, William S. O’Connor, obtained three extensions of time to answer the complaint in that action, by stipulations. Subsequently, on April 29, 1958, defendant notified its insured that the defendant was disclaiming liability for the accident of September 28,1956 due to the alleged failure of the insured to advise the defendant of the accident within a “reasonable length of time.” Thereafter on June 3, 1959 the plaintiff noticed the action afore-mentioned (Karp v. Johnson) for inquest on June 11, 1959. Said inquest was adjourned and was finally taken on June 25, 1959. Judgment was duly entered on July 7, 1959. Execution upon said judgment has been returned unsatisfied and is wholly unpaid. Failing to collect from the insured, the plaintiff now institutes this action against the insurer to recover the amount of the judgment and now asks for summary judgment.
The defendant in opposition concedes the facts afore-mentioned but apparently concludes that failure by its insured to give it notice of the collision which occurred in September, 1956 before March, 1958, when the defendant learned of it, is ipso facto a violation of the policy and justifies its disclaimer under the policy. The papers in opposition further state that a representative of the defendant company, one Mr. Eourke, made an investigation, but nowhere is there presented an affidavit by Mr. Eourke concerning his investigation; nowhere is there presented what facts Mr. Eourke’s investigation disclosed, if *489 any. The defendant discloses no facts at all other than the time interval as justification for denial of this motion. The court does not consider that to be sufficient answer as to the right of this plaintiff who was damaged by the defendant’s insured.
Subdivision 5 of section 167 of the Insurance Law is comparatively new and provides as to the action over by third persons against the insurer that where the latter defends “ that the insured failed or refused to cooperate with the insurer in violation of any provision in the policy or contract requiring such cooperation, the burden shall be upon the insurer to prove such alleged failure or refusal to cooperate”. (Shalita v. American Motorists Ins. Co., 266 App. Div. 131.)
The burden of proof of default under the policy rests upon the insurer. That burden has not been met by the defendant by merely setting forth that its insured gave it no notice of the collision for some two years Whether the insured could have given prior notice, the court has not been told by the defendant though apparently it has knowledge. But assuming that such a lapse of time without giving notice be of itself a default on the part of the insured, should it now be said that the defendant defeats plaintiff’s right to recover against the defendant?
Prior to the enactment of the Compulsory Insurance Act (Vehicle and Traffic Law, art. 6-A — Motor Vehicle Financial Security Act, as added by L. 1956, ch. 665) the right of a person damaged by an insured against the insurer was derived from the insured. The Compulsory Insurance Act by the State is not to protect the insured but to protect the injured by the insured. The perspective has altered. The application of the principle should vary to be in accord with the circumstance.
Until the insured causes loss to a third party, the insurer is free to deal with its insured as to the policy issued as the rights between the two of them dictate; but once a third party sustains a loss, by reason of the act of the insured, that freedom of right of action of insurer and insured should no longer be of a nature that may leave the third party sustaining the damage and stripped of the protection intended for him by the policy of the State providing compulsory insurance.
The court is not called upon now to adjudicate to that extent. However, it is called upon and does adjudicate that between the insurer and the third party who sustained damage from the act of the insured, lapse of time alone and unexplained, when the insurer knows and can explain, is not itself sufficient in law to be such a default under the policy as to defeat plaintiff’s cause of action. Here the defendant submits affidavits which are barren as to the required proof.
*490 Accordingly, the motion by the plaintiff for summary judgement is granted. The plaintiff is entitled to summary judgment, striking out the answer and for the relief demanded in the complaint.
(January 20, 1960.)
This motion, properly considered by the court a rehearing upon additional papers, rather than a reargument, which proceeds upon the original papers, is granted. Upon the rehearing, the court denies the original motion. The present papers with their exhibits create a triable issue.