Richard J. Cardamone, J.
The plaintiffs move for summary judgment against the defendant insurance company pursuant to CPLR 3212.
It appears that Robert Levy (hereinafter called insured), purchased a liability insurance policy from Allstate Insurance Company on February 3, 1962. He was placed in the motor vehicle insurance pool and later received a policy from the American Insurance Company. The insurance purchased by the insured covered a 1957 Chevrolet automobile. On July 25, 1962 the insured went back to Allstate to obtain an FS-1, to transfer registration from the 1957 Chevrolet to a 1950 DeSoto automobile. The agent at the Allstate office issued an FS-1 to the insured which certified that Allstate Insurance Company had issued a policy covering the insured on the 1950 DeSoto for the period from February 3, 1962, to February 3, 1963. Four days later, on July 29, 1962, the insured was involved in an accident with the plaintiffs. As a result of the accident, an action was instituted against the insured. The insured defaulted. Afielan inquest, held on December 13, 1963, in the Supreme Court of Onondaga County, judgment was rendered in favor of the plaintiff, Gerald F. Downing, against the insured, in the amount of $833.25, and in favor of the plaintiff, Ellen C. Downing, against the insured, in the amount of $3,583.25. A copy of the judgments and notices of entry of both judgments were served on the insured on December 14, 1963, and a copy of the judgments and notices of entry were also served on the defendant, Allstate Insurance Company, on the same day. No part of either of these judgments has been paid. Both the American Insurance Company and Allstate Insurance Company have disclaimed liability. In its answering affidavit, furnished by its *217 attorney, the Allstate Insurance Company has attached a Form FS-25 from the New York State Motor Vehicle Bureau which indicates that on July 29, 1962, the date of the accident, the American Insurance Company had insurance in force on the DeSoto automobile owned by Robert Levy. Throughout the moving papers, the DeSoto automobile, owned by the insured, is described as a 1956 model, whereas the FS-1 describes the automobile as a 1950 model. The plaintiffs’ attorney states in his affidavit that he has *1 checked on the facts and reviewed the pictures of the automobile involved ” and asserts that wherever the words “ 1956 DeSoto ” are used, they should be corrected to read “ 1950 DeSoto ”.
The plaintiffs, Downing, present as part of their moving papers a photostatic copy of the FS-1 issued by the Allstate Insurance Company on file in the Motor Vehicle Bureau in Albany covering the insured on the date of the accident. The defendant, Allstate, presents an FS-25, which they requested the Motor Vehicle Bureau to complete, which indicates the coverage on the insured on the date of the accident to be by Policy A-437-7909 by the American Insurance Company. It would thus appear that the Motor Vehicle Bureau, upon a complete check of their records would discover that the automobile owned by the insured was covered on the date of the accident by both Allstate Insurance Company and the American Insurance Company. The insured was originally placed in the assigned risk pool by an agent of Allstate. When the insured returned to obtain evidence of financial responsibility, in order to register another vehicle and procure license plates, he was given an FS-1 by an agent of Allstate. This appears to have been either by error on the part of the said agent, or a result of a misrepresentation made by the insured. Those facts are not before this court. Any attempt to formulate them would be merely speculative.
There may well be rights which Allstate has against the insured or against American Insurance Company. However, the rights of the plaintiffs, Downing, as against Allstate are absolute. (Reese v. Hartford Acc. Ind. Co., 4 Misc 2d 947 [Sup. Ct., N. Y. County, 1956], affd. 3 A D 2d 1000 [24] [1st Dept., 1957].)
While the terms of a policy of insurance and the effect of them are mandated by the statute, the rights thereunder are contractual in nature. Here, the agent of Allstate contracted with the insured and issued a certificate evidencing the insured’s financial responsibility. At that point the supervening public interest that attaches to the contract of insurance fixed the *218 rights of the public, i.e., in this case the plaintiffs, Downing, as against the issuing company. (Teeter v. Allstate Ins. Co., 9 A D 2d 176 [4th Dept., 1959], affd. 9 N Y 2d 655 [1961].)
The distinctions which generally exist between the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6) and the Motor Vehicle Safety Responsibility Act (Vehicle and Traffic Law, art. 7) may well have application in this case. Under the provisions of the Motor Vehicle Safety Responsibility Act, the rights of the plaintiffs are absolute (Vehicle and Traffic Law, § 345, subd. [i], par. [1]). The Motor Vehicle Financial Security Act (art. 6) commonly called the Compulsory Insurance Law, mandates insurance for all motorists and provides that a motorist must furnish proof of financial security before his vehicle can be registered. Under the Motor Vehicle Financial Security Act the rights of the plaintiffs are not absolute but are subject to defenses which the insurer may have against the insured under the provisions of section 167 of the Insurance Law. Thus, where the insured refuses to co-operate with the insurer, this may be interposed as a defense in an action brought by third parties injured by the negligence of the insured (subd. 5). (Devitt v. Continental Gas. Co., 269 N. Y. 474 [1936].) Also, the Superintendent of Insurance promulgated regulation 35 (subd. 3, par. [f]) which provides that no action shall lay against the insurer unless the insured shall have complied with all the terms of the policy. (N. Y. Off. Comp, of Codes, Rules & Regulations [12th Supp., p. 698], now 11 NYCRR 60.3 [f]; Cohen v. Metropolitan Cas. Ins. Co., 233 App. Div. 340 [4th Dept., 1931]; National Grange Mut. Liab. Co. v. Fino, 13 A D 2d 10, 14-15 [3d Dept., 1961].) However, the statute provides that the burden of proving such failure to co-operate is on the insurer. (Insurance Law, § 167, subd. 5.) Here there was no showing that the insured did not comply with the terms of the policy nor was there any showing of a failure to co-operate. Allstate affidavits are devoid of any statements or allegations on either of these possible defenses.
Further, section 313 of the Vehicle and Traffic Law provides: ‘ ‘ if another insurance contract has been procured, such other insurance contract shall, as of its effective date and hour, terminate the insurance previously certified with notice to any motor vehicles designated in both contracts On the basis of this record, it would appear that the American Insurance Company policy was issued prior to the FS-1 issued by Allstate. It may well be that the FS-1 furnished the insured by Allstate terminated the American Insurance Company policy under the provisions of the statute (§ 313). There is nothing in the *219 statute, however, which would have prevented the insured from accepting both the American Insurance Company policy and the Allstate policy and thus have two policies of insurance. (Empire Mut. Co. v. Liberty Mut. Ins. Co., 21 Misc 2d 1050-1052 [Sup. Ct., App. Term, 1st Dept., 1959].)
Under all of these circumstances, equitable considerations compel us to hold that the defendant, Allstate, is estopped now to claim that it did not issue a policy of insurance to the insured. The error, if any, must be laid at Allstate’s doorstep. The insurer is responsible for the situation which has arisen. To permit the insurer to disclaim now, would tend to defeat the intent and purposes of the statute. (Vehicle and Traffic Law, art. 6.)
The plaintiffs’ motion is granted, without costs, and without prejudice to whatever rights Allstate may have in this case as against American Insurance Company or as against the insured.