OPINION OF THE COURT
Ira B. Harkavy, J.
The two issues presented at this trial are: what is the obligation of an insurer to an innocent third party and what degree of proof is necessary to demonstrate that an insurer acted diligently in seeking to obtain the co-operation of its assured? In this action, based on section 167 of the Insurance Law, a judgment creditor is proceeding against an obligor of a casualty policy after an execution against the assured was returned unsatisfied. The defense to plaintiff’s claim is predicated principally on the ground of the alleged failure of co-operation on the part of the assured. The defense does not raise any questions as to the merits of plaintiff’s case.
This action arose as a result of an automobile accident that occurred on or about June 28, 1975. The two motor vehicles involved were respectively owned and operated by Mike Medina and Jose Molina.
On April 15, 1981 a judgment by way of inquest was entered against Jose A. Molina in the amount of $867.56. *454 When neither Molina nor his carrier Nationwide Insurance (the defendant herein) made payment, Banner Casualty, the plaintiff herein, as subrogee of Medina’s rights, commenced the instant action pursuant to subdivision 5 of section 167 of the Insurance Law.
The facts which are basically not in dispute are as follows: on August 28, 1975, approximately two months subsequent to the accident, plaintiff sent defendant written notice of the accident. Defendant never responded either orally or in writing. Plaintiff sent defendant three subsequent letters, one in December, 1975, the second in April of 1976 and the third in June of 1976. Defendant consistently failed to respond in any manner.
On June 6, 1977, the plaintiff commenced an action in the Civil Court of the City of New York, County of Kings, against Jose A. Molina. Plaintiff forwarded a copy of the summons and indorsed complaint to the defendant. No appearance, answer or motion was ever made or entered by or on behalf of Jose A. Molina. On November 16, 1977 the defendant served a disclaimer based upon Molina’s alleged lack of co-operation in failing to notify defendant of the accident. On January 23, 1981 an inquest was taken and on April 15, 1981 a judgment was entered in favor of the plaintiff against Molina in the amount of $867.56. On April 20, 1981 a copy of the judgment with notice of entry was served upon Nationwide.
The instant action was commenced on or about July 21, 1981. Plaintiff served defendant with a notice of discovery and inspection. In response, defendant offered a copy of its November 16, 1977 disclaimer letter and stated as follows: “There is no correspondence from Molina. There is no record of his reporting the accident or otherwise contacting Nationwide. An adjustor’s log sheet indicates sending a ‘call me’ letter on April 26, 1976.”
Defendant contends that it has a valid disclaimer and is not obligated for any actions brought arising out of the occurrence of June 28, 1975, nor obligated to pay the judgment herein sought. Defendant predicates its defense on the theory that failure on the part of the insured to cooperate with the insurer is a ground for the insurer to disclaim liability, under section 167 of the Insurance Law.
*455 In general the failure of the insured to co-operate with the insurer is a defense to an action under this section. (Shafer v Utica Mut. Ins. Co., 248 App Div 279.) While under the provisions of section 345 of the Vehicle and Traffic Law, rights of an injured party are absolute, under section 167 of the Insurance Law the rights are not absolute but subject to defenses which the insurer may have against the insured, including the defense of the insured’s failure to co-operate with the insurer (Downing v Allstate Ins. Co., 43 Misc 2d 215).
It is well established that the burden of proving lack of co-operation of the insured is placed upon the insurer, since the defense of lack of co-operation penalizes the plaintiff for an action of the insured over which the innocent victim has no control and frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensed for the injuries inflicted upon them. (Thrasher v United States Liab. Ins. Co., 19 NY2d 159.) The question presented by the instant action is what degree of proof will sufficiently meet this burden.
In its trial brief defendant states: “Upon eventually learning that an accident had occurred, the defendant undertook to determine the whereabouts and to obtain the cooperation of the assured. He could not be located.” This failure to co-operate, or more accurately inability to locate its insured’s whereabouts, defendant argues, relieves defendant from liability. Defendant further contends that the validity of its disclaimer is reinforced by its claim that it had no notice of plaintiff’s action against defendant’s assured until October of 1977 when it was served with notice of discovery and inspection. Defendant argues that the time lapse between the date of the alleged accident and defendant’s awareness of the claim negated its ability to perform a proper and timely investigation. Finally, defendant argues that it is relieved from liability because the “form letter” correspondence which it received from plaintiff indicating the existence of a claim failed to provide defendant with the particulars of the alleged accident.
The court disagrees with the defendant’s contentions. The responsibility of a carrier goes beyond that of collecting insurance premiums. It is the insurer who has the *456 affirmative responsibility of attempting to locate its assured. In the instant case, the facts establish that plaintiff sent defendant numerous letters in the interim between the accident and the commencement of plaintiff’s suit against Molina. Defendant does not dispute receipt of plaintiff’s correspondence and has totally sidestepped the question as to why it chose to ignore this correspondence. This correspondence gave defendant sufficient and reasonable notice of the accident. It afforded defendant ample opportunity to inspect Mike Medina’s car and to conduct an investigation into the accident. Subdivision 5 of section 167 of the Insurance Law provides with respect to actions over by third persons against automobile insurers that where the insurer defends on the basis of failure of the insured to co-operate the burden of proof as to failure to cooperate is upon the insurer. This burden is not met by a mere allegation of the insurer that the insured gave it no notice of the accident. (Karp v Aetna Cas. & Sur. Co., 21 Misc 2d 487.) Defendant has not only failed to demonstrate to the court’s satisfaction that it utilized due diligence in seeking to locate its assured, but has failed to demonstrate any evidence whatsoever of what steps it took to effectuate the location of its assured. For the court to hold otherwise would impose undue hardship upon innocent motorists and contravene the legislative intent behind the enactment of subdivision 5 of section 167 of the Insurance Law which was the alleviation of such undue hardship.
Accordingly, judgment for the plaintiff for the amount demanded on the complaint, with interest from April 15, 1981.