■ Nicholas Di Costanzo et al., Doing Business as Di Costanzo Holding Company, Respondents, v Allstate Insurance Company, Appellant.— Judgment, Supreme Court, New York County, entered November 3, 1977, in favor of plaintiffs in the amount of $147,360.74, reversed, on the law, with costs, and complaint dismissed. Defendant appeals from a judgment in favor of the plaintiffs following a jury trial in an action to recover on an alleged contract of fire insurance. As here pertinent, plaintiffs owned two properties, one at McLean Avenue, Yonkers, New York, and the second at Bronx River Road, Yonkers, New York. In 1972, at the request of plaintiffs' son, Nicholas M. Di Costanzo (Nicholas), an attorney, defendant's agent, Bassik, arranged for the issuance to plaintiffs of defendant's business package policy insuring the Bronx River Road building against fire, vandalism and liability. Section 6 of the policy described the "General Liability Coverage." In the same year an effort was made to secure for the McLean Avenue building the same package policy but was rejected on defendant's judgment that the building was not appropriate for fire insurance coverage. Accordingly, in that year, plaintiffs' son obtained a liability policy only for the McLean building. In November and December of 1974, Nicholas and defendant's agent had conversations regarding the insurance coverage of the McLean Avenue building which were the subject of conflicting trial testimony. It is not disputed that they discussed the possibility of reducing the premium by combining both buildings under the same policy. Thereafter the testimony diverged. Nicholas testified in substance that Bassik agreed on behalf of the defendant to extend fire insurance coverage to the McLean Avenue building. Bassik testified that he agreed to make an inquiry as to that possibility, did so, received no response, and did not pursue the question. Thereafter, Nicholas received from defendant an indorsement to the business package

policy on the Bronx River Road property, which, referring to section 6, added as a second location the property at McLean Avenue. The indorsement disclosed that there was to be an additional premium of $200 per year. On May 25, 1975, a fire occurred at the McLean Avenue building. It is fundamental that "An insurance policy presumptively merges all previous oral stipulations and expresses the final understanding of the insured and the insurance company. Gray v. Germania Fire Ins. Co., 155 N. Y. 180" *(Ireland v Fireman's Fund Ind. Co.,* 155 NYS2d 762, 768, affd 281 App Div 1007, affd 1 NY2d 655). The record is devoid of any suggestion that an oral agreement between the parties, assuming there was such an agreement, was not intended to be embodied in a written policy of insurance. Accordingly, to the extent to which the judgment below was based upon a jury finding that there had been an oral contract of fire insurance, it cannot stand. Nor do we believe that the indorsement can reasonably be considered ambiguous. The significance of the reference to section 6 is clear. Although it is disturbing that the policy did not employ precise language to convey its meaning in addition to the reference to the section number, we perceive no possibility of misunderstanding here, considering the explicit allusion to an additional premium of $200 per annum which could scarcely have been believed by plaintiffs, represented by counsel, to cover fire insurance coverage on a second building. Accordingly, the judgment below should be reversed and the complaint dismissed. Concur—Birns, J. P., Evans, Fein, Sandler and Lupiano, JJ.