BROOK SHOPPING CENTER, INC., Doing Business as CROSS COUNTY SHOPPING CENTER, Appellant, v LIBERTY MUTUAL INSURANCE CO. et al., Respondents.

First Department, May 12, 1981

### APPEARANCES OF COUNSEL

*Alvin P. Bluthman* of counsel (*Nathan Cyperstein*, attorney), for appellant.

*Douglas A. Boeckmann* of counsel *(Semel, McLaughlin & Boeckmann*, attorneys), for Liberty Mutual Insurance Co., respondent.

### OPINION OF THE COURT

FEIN, J.

In this declaratory judgment action in which plaintiff (Brook) seeks a declaration that defendant Liberty Mutual Insurance Co. (Liberty) is obligated to defend and in-

demnify Brook in an action commenced against Brook by Wilma Sternberg (Sternberg), plaintiff's motion for summary judgment was denied by order dated March 26, 1980 upon the ground that there were issues of fact. Plaintiff's motion for reargument was denied by order entered May 22, 1980 as was plaintiff's motion to renew based on new facts, by order entered October 30, 1980.

Plaintiff is the owner of the Cross County Shopping Center in Yonkers, New York. Defendant Gimbel Bros., Inc. (Gimbel) is the main tenant of this shopping center. In May, 1979, Sternberg commenced an action against plaintiff Brook and Gimbel to recover for personal injuries allegedly sustained in an accident caused by an "accumulation of snow and ice on the front steps of the Gimbel's Department Store".

Defendant Liberty had previously issued a liability policy designating Gimbel as a named insured, which was in effect on the date of the Sternberg accident. As required by that policy and the lease between Brook and Gimbel, defendant Liberty issued a certificate of insurance naming plaintiff as an additional insured under the policy. It is undisputed that the policy and the certificate provide comprehensive general liability insurance.

Plaintiff contends that Liberty has a duty, pursuant to the policy, to defend and indemnify it in the Sternberg action just as Liberty has undertaken the defense of Gimbel in that action. Liberty argues that it has no duty to defend or indemnify Brook because the personal injuries allegedly sustained by Sternberg occurred on the steps, which Brook had the obligation to maintain, pursuant to the lease between Brook and Gimbel. The affirmation of Liberty's attorney asserts that the policy's amendatory indorsement did not extend coverage to Brook since under the lease, Brook "bears the responsibility for any exterior parts of the premises occupied by Gimbel Bros., Inc." Neither the policy nor the lease were submitted to Special Term and they are not part of the record.

Special Term denied plaintiff summary judgment, finding an issue of fact "as to whether the accident complained of was the type of risk covered under the policy and related lease which preclude the granting of this motion."

We disagree, at least as to the issue of the obligation to defend, which is broader than the obligation to indemnify *(Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.*, 297 NY 148; *Utica Mut. Ins. Co. v Cherry*, 38 NY2d 735; *Grand Union Co. v General Acc. Fire & Life Assur. Corp.*, 254 App Div 274, affd 279 NY 638).

The obligation to defend turns upon whether the injured party states facts which bring the accident causing the injury within the coverage. "If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability." *(Grand Union Co. v General Acc. Fire & Life Assur. Corp.*, 254 App Div 274, 280, *supra.)* The duty to defend arises not from the probability of recovery but from its possibility, no matter how remote. Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved in favor of the insured and against the carrier *(Grand Union Co. v General Acc. Fire & Life Assur. Corp., supra).*

Plaintiff Sternberg, in the underlying action, has premised her complaint against Brook on the theory, as pleaded in her complaint and alleged in her bill of particulars, that Brook breached its duty to her by reason of the accumulation of snow and ice on the front steps of the Gimbel's Department Store. It is undisputed that Brook is the owner of the premises. Thus, a viable cause of action is stated against Brook, invoking the obligation to defend under the certificate of insurance and amendatory indorsement. Resolution of the issue of indemnification as between Brook and Gimbel will depend upon whether plaintiff Sternberg in the underlying action is able to establish liability against either or both. It is noted that Brook and Gimbel have asserted cross claims against each other, each asserting that the other has an obligation to indemnify it.

Thus, as to the obligation to indemnify, there is an issue of fact which can only be resolved upon the disposition of the Sternberg action. But this does not preclude a determination that on the face of the policy and the complaint in the Sternberg action, there is a duty to defend *(Prashker v United States Guar. Co.*, 1 NY2d 584). Liberty's reliance upon the provision in the lease between Brook and

Gimbel, which allegedly imposes responsibility upon Brook for "any exterior parts of the premises occupied by Gimbel Bros., Inc." is not dispositive of the obligation of Liberty to defend the Sternberg action which asserts the duty of Brook to Sternberg.

To the extent that the lease provision allegedly creates an ambiguity in the policy, the ambiguity, at least for purposes of the obligation to defend, must be resolved against the insurer. It does not clearly appear whether the lease provision relied upon obligates Gimbel and not Brook to remove snow and ice from the steps. "Where a policy of insurance is written in such a manner as to be doubtful or uncertain in meaning, all ambiguities must be resolved against the company and in favor of the policyholder" *(American Home Assur. Co. v Port Auth. of N. Y. & N. J., 66 AD2d 269, 276).*

Liberty's reliance upon the amendatory indorsement "Persons Insured" is equally unavailing. It provides: "The 'Persons Insured' provision is amended to include any person or organization whose interest the Named Insured is required to or has agreed to insure under any lease or other agreement, provided, however, the coverage and limits afforded such person or organization apply only to the extent required by such lease or agreement, subject to the terms, limits, and conditions of the policy. The inclusion of such persons or organizations shall not increase the Company's liability".

This indorsement plainly obligates Liberty to insure Brook under the policy insuring Gimbel. It does not appear to differentiate between the coverage to be afforded to Brook and Gimbel. If there is an ambiguity it must be resolved against Liberty.

Upon plaintiff's motion to reargue and renew, Special Term's attention was invited to the decision of Justice SUTTON *(Marx Realty & Improvement Corp. v Liberty Mut. Ins. Co.,* Supreme Ct, N. Y. County, May 28, 1980), respecting the same lease and certificate of insurance and a similar accident. Although not controlling, it is noted that Justice SUTTON's decision was in accord with our present determination.

The order, Supreme Court, New York County (ALEXANDER, J.), entered October 30, 1980, denying plaintiff's motion to renew and reargue its motion for summary judgment, should be modified on the law to the extent only of declaring that defendant Liberty is obligated to defend plaintiff Brook in the action brought against plaintiff by Sternberg, and otherwise affirmed, with costs.

Appeal from order, Supreme Court, New York County (ALEXANDER, J.), entered March 26, 1980, dismissed as academic without costs, the order being subsumed in the appeal from the order of October 30, 1980.

Appeal from order, Supreme Court, New York County (ALEXANDER, J.), entered May 22, 1980 denying reargument and reconsideration, dismissed as nonappealable, without costs.

KUPFERMAN, J. P., SANDLER, SULLIVAN and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered on October 30, 1980, modified on the law to the extent only of declaring that defendant Liberty is obligated to defend plaintiff in the action brought against plaintiff by Sternberg, and otherwise affirmed. Appellant shall recover of defendant-respondent Liberty Mutual Insurance Co. $75 costs and disbursements of this appeal. The appeal from the order of said court entered on March 26, 1980 is dismissed as academic without costs and without disbursements, as being subsumed in the appeal from the order of October 30, 1980. The appeal from the order of said court entered on May 22, 1980 is dismissed as nonappealable, without costs and without disbursements.