OPINION OF THE COURT
Joseph J. Sedita, J.
This motion for summary judgment seeks a determination that defendant Colonial Cooperative Insurance Company (hereinafter the Company) is not obligated to indemnify defen *585 dant Charles Balcom for property damage. Said damage allegedly arose out of a fire loss alleged to have been caused by leaking propane gas tanks installed by Charles Balcom at the plaintiffs residence. Defendant Balcom seeks a determination that the Company has an obligation to defend him.
Defendant Balcom admits to having received a copy of the policy of insurance, but denies receiving a copy of an exclusion attachment to the policy which excepted business activities from this “homeowners” insurance policy. The face of the policy indicates that the policy is “subject to following forms and endorsements”. Next to this “box”, on the face sheet of the policy, are a number of reference letters including the letters "ML 20”. The code ML 20 referred to a form which set forth the exclusion from coverage of business activities.
The narrow issue presented here is whether the mere letter and number reference (ML 20) on the face of the policy is sufficient to preclude any liability by the Company. We have found no case exactly on point which would resolve this issue.
The law is clear that once an insurance policy is received the owner is generally bound by the terms of the policy expressed in the actual policy. Said policy replaces any previous binder or oral representations made in negotiating the policy. (See, Metzger v Aetna Ins. Co., 227 NY 411 [1920]; Simon v Colonial States Brokerage Corp., 128 AD2d 603 [2d Dept 1987]; Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co., 102 AD2d 960 [3d Dept 1984]; Di Costanzo v Allstate Ins. Co., 68 AD2d 834 [1st Dept 1979], affd 50 NY2d 832; W. C. Humphreys, Inc. v Zurich Ins. Co., 54 Misc 2d 659 [Sup Ct, Niagara County 1967].)
However, the ML 20 reference in no way tells this insured that there is an exclusion for business activities. This form would have to be attached to enable a layman to understand (after reading the policy and attachments) that he was not covered for business activities. To require a layman to be bound by every cryptic code letter or number set forth in a complicated policy places an extremely heavy burden on that layman. Supplementary provisions or riders should be attached to a policy in order to remove any doubt as to the intention of the parties. (See, 69 NY Jur 2d, Insurance, § 733.)
Insurance contracts are generally construed in favor of the insured where there is any ambiguity (see, 69 NY Jur 2d, Insurance, § 716).
To bind a layman to a substantive policy exclusion based on *586 a cryptic letter and number reference alone would violate both common sense and this court’s sense of elemental justice and fairness.
Accordingly, this motion for summary judgment must be denied. We note that we have assumed, for purpose of this argument, that the relevant attachment was not made to the policy. The company is, of course, free to argue at trial that the exclusion was attached and bound the insured.
Defendant Balcolm’s motion should be granted. There is no question that he is insured by the Company. The "exclusion” issue is sufficiently unclear (see, supra) to preclude the granting of summary judgment in favor of the Company (supra). The face of the policy appears to establish a prima facie case for coverage. Under these undisputed facts, the Company should be required to defend. (See, 70 NY Jur 2d, Insurance, § 1672.)