■ KENNETH E. STERNER et al., Respondents, v COLONIAL COOPERATIVE INSURANCE COMPANY, Appellant, et al., Defendant.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this declaratory judgment action seeking a declaration that defendant Colonial Cooperative Insurance Company (Colonial) has an obligation to defend and indemnify defendant Charles E. Balcom in an action brought by plaintiffs against Balcom, plaintiffs moved, and defendant Colonial cross-moved, for summary judgment. In the memorandum decision supporting its order, the court properly found that there was a question of fact requiring a trial on the issue whether Balcom received notice of an exclusion contained in the policy of insurance issued by Colonial. Nevertheless, the court granted partial summary judgment to plaintiffs declaring that Colonial has an obligation to defend Balcom in the underlying action. The order implicitly denied that part of plaintiffs' motion seeking judgment declaring that Colonial has an obligation to indemnify. Colonial's motion for summary judgment was also denied.

In their respective briefs on appeal, plaintiffs and Colonial assert in identical language that: "COLONIAL's contractual obligations of defense and indemnification cannot be separated

in this case." We agree. Although it is well settled that an insurer's obligation to defend is broader than its obligation to indemnify *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Goldberg v Lumber Mut. Cas. Ins. Co.,* 297 NY 148), it is inappropriate in the circumstances presented to require a defense by Colonial unless its obligation to indemnify is established. Balcom has not sought a defense from Colonial *(cf., Brook Shopping Center v Liberty Mut. Ins. Co.,* 80 AD2d 292; *Touchette Corp. v Merchants Mut. Ins. Co.,* 76 AD2d 7) and has retained personal counsel to serve his interests in the underlying action. The interests of all the parties are best served at this stage of the proceedings by requiring a trial to settle the issues of both defense and indemnification. That part of the order granting partial summary judgment to plaintiffs must be reversed, and plaintiffs' motion must be denied. (Appeal from judgment of Supreme Court, Niagara County, Sedita, J. —declaratory judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ. *[See,* 140 Misc 2d 584.]