■ PARAMOUNT INSURANCE COMPANY, Respondent, v RAY BROWN, Doing Business as RAY'S MAINTENANCE SERVICE, Appellant and Third-Party Plaintiff. BERNARD FLEISCHER & SONS, INC., et al., Third-Party Defendants-Respondents. [613 NYS2d 910] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered April 5, 1993, which, *inter alia,* granted plaintiff's motion for summary judgment dismissing defendant's answer and the cross-claims interposed by the third-party defendants, and granted plaintiff leave to enter judgment against defendant Brown on the first cause of action of the complaint in the sum of $15,244.00, together with interest thereon, and which, after directing defendant Brown to submit to audits of his books and records, set the remaining second through fourth

causes of action of the complaint down for an assessment of damages, and order of the same court and Justice, entered January 4, 1994, which, *inter alia,* denied renewal of the prior determination, unanimously affirmed, with costs.

The IAS Court properly determined that defendant Brown failed to allege facts sufficient to withstand a motion for summary judgment on the complaint seeking additional premiums earned.

Although the insurer established by documentary evidence, including the four consecutive policies of liability insurance issued to defendant Brown, that the additional premiums sought had been earned and were due, defendant Brown asserted, in conclusory fashion, that the third-party defendants, as the alleged agent of the insurer, had improperly procured the general liability insurance coverage on defendant Brown's behalf, thereby resulting in the unwarranted and substantial additional premiums sought in the underlying action.

The IAS Court properly determined that any acts or omissions in procuring the insurance for defendant Brown by the third-party defendants, as an insurance broker, cannot be imputed or attributed to the insurer, where, as here, the record reveals that the broker was specifically selected and subsequently replaced with a substitute insurance broker solely by the insured and was therefore the agent of the insured, defendant Brown, rather than the insurer *(Clinchy v Grandview Dairy,* 283 NY 39, 43; 68 NY Jur 2d, Insurance, § 367).

In any event, under the facts and circumstances herein, the defendant, by retaining the third-party defendants as the original insurance broker, renewing the policy, without objection, for three successive years, and, after the second renewal, discharging the original insurance broker and replacing it with a substitute broker, and by retaining the policies and paying the advance premiums thereon for four successive years, ratified the actions of the insurance broker and is estopped from denying the validity of the insurance contracts *(Anderson v Metropolitan Life Ins. Co.,* 75 Misc 2d 1003; *Downing v Allstate Ins. Co.,* 43 Misc 2d 215, 219; 2 NY Jur 2d, Agency, § 156).

Nor did the IAS Court err in rejecting defendant Brown's arguments upon renewal that the insurer was not entitled under the insurance policies to an audit of defendant Brown's books and records to ascertain the appropriate premiums, that

the audit on the initial policy was improperly conducted and that the insurer had not fulfilled its duty to mitigate damages where, as here, the affidavits and exhibits presented by the insurer in support of summary judgment, including the policies themselves, an audit statement setting forth the premium computations, and worksheets prepared by the auditor, established both the insurer's right to conduct the audits and that the initial audit was properly conducted, and where it was impossible for the insurer to mitigate damages since the breach of the contracts herein, consisting of the defendant's refusal to permit the required audits, did not occur until after the expiration of each policy *(Olsen v United States Fid. & Guar. Co.,* 230 NY 31). Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Nardelli, JJ.