■ ROSALIE ESTATES, INC., Respondent, and RCO INTERNATIONAL INC., T/A SPORT MOTORCYCLE CENTER, Respondent-Appellant, v COLONIA INSURANCE COMPANY, Appellant-Respondent, et al., Defendant. [643 NYS2d 59] —Order, Supreme Court, New York County (William Davis, J.), entered on or about December 9, 1994, which denied that portion of defendant-appellant-respondent Colonia Insurance Company's ("Colonia") motion for summary judgment seeking to dismiss the complaint on behalf of plaintiff Rosalie Estates, Inc. ("Rosalie"), granted that portion of the motion seeking dismissal of the complaint on behalf of plaintiff RCO International Inc. t/a Sport Motorcycle Center ("RCO") and granted plaintiffs' cross-motion to the extent of dismissing the twelfth affirmative defense asserted by Colonia, unanimously modified, on the law, to deny Colonia's motion seeking summary judgment dismissing RCO's complaint, to reinstate that complaint, to deny plaintiffs' cross-motion dismissing the twelfth affirmative defense, and to reinstate the defense, and otherwise affirmed, without costs.

While a public claims adjuster may, under proper circumstances, serve as an agent for service of a demand for proof of loss pursuant to Insurance Law § 3407 (*see, Esa v New York Prop. Ins. Underwriting Assn.*, 89 AD2d 865), in this case questions of fact remain as to whether service of the demand was properly effected upon plaintiff RCO by Colonia's delivery of the demand to RCO's adjuster, Foremost Adjustment Company ("Foremost").

The rule which imputes an agent's knowledge to his or her principal is "intended to protect those who exercise good faith" and, as a result, "will not apply in favor of one acquainted with circumstances plainly indicating that the agent would not advise his principal" (3 NY Jur 2d, Agency, § 263, at 85). In this case, the letter from Colonia which accompanied the demand was addressed to RCO at its former address and was copied to both the president of RCO at a private address and to Foremost. Colonia never informed Foremost that the delivery to RCO and its president was never effected and that both of those demands were returned as undeliverable. Under these circumstances, it cannot be said as a matter of law that Colonia in good faith believed that Foremost would understand that it was duty bound to advise RCO of the demand. Also relevant to this issue is the fact that Colonia, although deposing the president of RCO twice while aware that its letters to him

enclosing the demand for proof of loss had been returned as undeliverable, never referred to RCO's failure to file the proof of loss.

Under these circumstances, questions of fact remain as to whether Colonia was entitled to treat Foremost as RCO's agent for the purpose of service of the demand and it was therefore improper to grant defendant summary judgment dismissing RCO's complaint on the grounds that RCO's proof of loss was untimely solely because it was not served within 60 days of service of a demand for proof of loss on Foremost.

We agree with the IAS Court's ruling that Colonia's motion for summary judgment dismissing the complaint on behalf of Rosalie on the grounds that Rosalie was not covered for the subject loss under the policy and therefore is without standing to bring this action must be denied. However, contrary to the finding of the IAS Court, we conclude that there is a question of fact as to this issue precluding the grant of summary judgment dismissing Colonia's twelfth affirmative defense based upon a lack of standing on Rosalie's part.

The IAS Court's rationale for granting Rosalie's motion to dismiss Colonia's twelfth affirmative defense was a perceived ambiguity in the policy. However, it is clear that the policy at issue unambiguously includes Rosalie as an additional insured for the commercial general liability coverage only and not for the property damage coverage at issue here. Contrary to the IAS Court, we find that this statement is not rendered ambiguous simply by the fact that Rosalie, the owner of the building, is not covered for loss of or damages to the building by fire and RCO, a mere tenant, is. A lessee may, under certain circumstances, have an insurable interest in premises "especially where he has agreed to return the premises to the lessor in good condition, or has agreed to keep the premises insured" (*Sigola Mfg. v Dairyland Ins. Co.*, 124 AD2d 654). Thus, on its face, there is nothing ambiguous or self-contradictory about the policy. Absent an ambiguity, there is no need for the court to admit extrinsic proof in order to interpret the contract, and the unambiguous provision should simply be given its plain and ordinary meaning (*State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152, 154-155).

However, while the policy itself is not ambiguous, we find that Colonia is not entitled to summary judgment dismissing the complaint on behalf of Rosalie since further discovery is warranted as to whether the failure to include Rosalie as an additional insured in the property damage portion of the policy was a scrivener's error.

A scrivener's error constitutes a mistake solely in the reduction of an agreement to writing (*Harris v Uhlendorf*, 24 NY2d 463, 467). In this case, as noted by the IAS Court, there is clearly substantial evidence that RCO and Rosalie both anticipated that Rosalie would be named as an additional insured as to property damage. While Colonia properly asserts that RCO's and Rosalie's intent is not binding as to it, there is some evidence indicating that it may have shared this intent in entering into the agreement and mistakenly failed to include Rosalie as an additional insured as to all coverage.

While Colonia has asserted that its only intent was to insure the interest of RCO, as lessee, in the building, and has persuasively argued that it is possible for a lessee to have an insurable interest in the premises it is leasing (*supra*), it has presented no evidence that RCO, under the terms of this particular lease, in fact did have any insurable interest in the property. Nor does the record indicate that Colonia had any reason to believe, correctly or not, that RCO had an insurable interest or, if so, what that interest was.

Moreover, the Certificate of Insurance relevant to the within coverage, which was issued by defendant Felix Insurance Planning Company ("Felix"), indicates, contrary to the policy, that Rosalie is insured under the property damage portion of the policy. While the terms of an insurance policy will generally be held to constitute the entire agreement between the parties (*see, e.g., Simon v Colonial States Brokerage Corp.*, 128 AD2d 603; *Di Costanzo v Allstate Ins. Co.*, 68 AD2d 834, *affd* 50 NY2d 832), and while there is absolutely no evidence to support Rosalie's argument that Felix, which was RCO's agent, should be deemed to have been acting instead on Colonia's behalf in issuing the Certificate of Insurance (*see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62, 65-66; *Paramount Ins. Co. v Brown*, 205 AD2d 464), nevertheless, this contradiction between the policy and the certificate is not totally without relevance, as Colonia argues. The record as it stands is unclear as to whether Colonia was aware of the statement made on the Certificate of Insurance and, indeed, there is some evidence indicating that it was. If such awareness can be shown, it would serve as some evidence that the failure to include Rosalie as an additional insured as to property damage was a mistake on Colonia's part, and not merely on RCO's part. Under these circumstances, further discovery is warranted. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.