■ ROBERT L. ROOK et al., Plaintiffs, v 60 KEY CENTRE, INC., et al., Defendants. 60 KEY CENTRE, INC., Third-Party Plaintiff-Respondent, v ALUMA SYSTEMS CORPORATION, Third-Party Defendant. BURKE COMPANY, Fourth-Party Plaintiff-Respondent, v FRANK L. CIMINELLI CONSTRUCTION CO., INC., Fourth-Party Defendant-Appellant. MOBILE MATERIALS HANDLING EQUIPMENT, LTD., Fourth-Party Plaintiff-Respondent, v FRANK L. CIMINELLI CONSTRUCTION CO., INC., et al., Fourth-Party Defendants-Appellants, et al., Fourth-Party Defendant. [662 NYS2d 670] —Order unanimously affirmed with costs. Memorandum: Plaintiffs, Robert L. and Paula M. Rook, commenced this action to recover for injuries sustained by Robert Rook (plaintiff) in the course of his employment by Frank L. Ciminelli Construction Co., Inc. (Ciminelli), a general contractor. Plaintiff was injured during the construction of an office building when he was struck in the head by a concrete form, allegedly as a result of a failure in a hydraulic jack. Plaintiffs brought this action against 60 Key Centre, Inc. (60 Key), the owner of the site; Mobile Materials Handling Equipment, Ltd. (Mobile), the manufacturer of the jack; and The Burke Company (Burke), the owner and lessor of the jack. 60 Key sought contribution and common-law indemnification from Mobile and Burke and sought contribution or indemnification from Aluma Systems Corporation (Aluma), which allegedly participated in the design and distribution of the jack. Mobile, Burke, and Aluma, which the parties refer to as the "products liability defendants", have in turn sought contribution from Ciminelli. Plaintiffs previously were awarded summary judgment on liability against 60 Key, the absent owner, pursuant to Labor Law § 240 (1).

As limited by its brief, Ciminelli appeals from that part of an

order that denied its motion for summary judgment dismissing the claims of the products liability defendants against it. Ciminelli contends that, under indemnification and contribution principles and under the antisubrogation rule (60 Key and Ciminelli have the same insurer), Ciminelli cannot be impleaded by the products liability defendants.

There is no merit to Ciminelli's contentions. A party actively at fault cannot escape liability merely because another party has been held vicariously liable for the same injury. If 60 Key obtains indemnification from the products liability defendants, principles of contribution will allow those defendants to assert a claim over against Ciminelli. CPLR 1401 provides that "two or more persons who are subject to liability for damages for the same personal injury * * * may claim contribution" among themselves. The sole requirement is that the parties share responsibility for the same personal injury. Here, the products liability defendants and Ciminelli are allegedly jointly responsible for a single injury to plaintiff. It is immaterial that the parties may be held liable under different legal theories or for violating different duties to plaintiff or to one another (*see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603). Thus, it is irrelevant that the products liability defendants, unlike Ciminelli, cannot be held responsible for violating the Labor Law.

It is also irrelevant that 60 Key cannot sue Ciminelli directly because of the antisubrogation rule. In situations where the insurer is the real party in interest, the antisubrogation rule precludes an insured from interposing a claim directly against a coinsured (*see, North Star Reins. Co. v Continental Ins. Co.*, 82 NY2d 281, 295-296; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471-472). The rule does not apply to a "pass through" such as this one. 60 Key does not have the same insurer as the products liability defendants, nor do those defendants have the same insurer as Ciminelli. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.