■ ACME SUPPLY CO., LTD., Respondent, v CITY OF NEW YORK, Appellant. [834 NYS2d 142]—

Order, Supreme Court, New York County (Ira Gammerman,

J.H.O.), entered September 19, 2005, which granted plaintiff's motion for partial summary judgment, severed the remainder of the action, ordered that the action proceed to discovery and effectively denied defendant's cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's cross motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The parties' agreement for plaintiff to supply defendant with towels was a standard City requirements contract containing a broad dispute resolution clause that mandated a three-step procedure prior to a claimant seeking limited judicial review of whether the administrative determination was in violation of lawful procedures, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion. Upon rejection of, and nonpayment for, several shipments of its towels, plaintiff pursued the first two steps of the procedure, bringing the dispute before the agency head of the Department of Citywide Administrative Services and then the City Comptroller, who each found against plaintiff. Instead of submitting the dispute to the Contract Dispute Resolution Board for the third-step review, plaintiff commenced this plenary action.

The complaint should have been dismissed because plaintiff failed to comply fully with the contractual dispute resolution procedure. In an effort to evade this requirement, plaintiff proffers interpretations of individual provisions of the procedure that are inconsistent with its plain intent and violative of basic principles of contractual construction. "[A] court should not 'adopt an interpretation' which will operate to leave a 'provision of a contract . . . without force and effect' " (*Corhill Corp. v S.D. Plants, Inc.*, 9 NY2d 595, 599 [1961]). "An interpretation that gives effect to all the terms of an agreement is preferable to one that ignores terms or accords them an unreasonable interpretation" (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196 [1995]). Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.