■ In the Matter of JEFFREY SHULER, Appellant, v STATE OF NEW YORK et al., Respondents. [853 NYS2d 28]—

Order and judgment (one paper), Supreme Court, New York County (Lewis Bart Stone, J.), entered January 5, 2007, which

denied the petition seeking to annul respondents' determination terminating petitioner's employment at respondent State University of New York Downstate Medical Center, unanimously affirmed, without costs.

The plain language of the agreement settling a number of disciplinary charges against petitioner expressly excluded Specification III, the most serious charge, involving threatening behavior towards a supervisor. Although the second paragraph of the settlement agreement provided: "[t]his settlement represents the entire resolution of any/all current claims and grievances relating to this specific matter of [petitioner's] employment with SUNY/DMC," to read this as including Specification III is to render meaningless the express exclusion of Specification III in the agreement's first paragraph (see *Acme Supply Co., Ltd. v City of New York*, 39 AD3d 331 [2007]; *Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 69 [1999]). To reconcile these two paragraphs, the second paragraph's reference to "this specific matter" must necessarily be read as excluding Specification III. Since Specification III was never withdrawn, and petitioner failed to avail himself of the grievance procedures set forth in the collective bargaining agreement, he is precluded from seeking relief in this CPLR article 78 proceeding (see *Matter of Plummer v Klepak*, 48 NY2d 486, 489 [1979], *cert denied* 445 US 952 [1980]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.