■ STONEBRIDGE CAPITAL, LLC, Appellant, v NOMURA INTERNATIONAL PLC, Respondent, et al., Defendants. NOMURA INTERNATIONAL PLC, Counterclaim Plaintiff-Respondent, v STONEBRIDGE CAPITAL, LLC, et al., Counterclaim Defendants, and J.R. 1042 INVESTOR, LLC, et al., Counterclaim Defendants-Appellants. [891 NYS2d 56]—

In September 2007, the parties entered into a complex transaction styled as a "loan." Each of the counterclaim defendant 1042 Investor LLCs (collectively the 1042 Investors) sold a portion of its business to its employees through an employee stock ownership plan and invested the proceeds of the sale in public utility bonds in order to obtain tax benefits. The bonds were insured against default by certain financial guaranty insurers.

The bonds were then used to collateralize loans that the 1042 Investors obtained in the subject loan transaction. Plaintiff Stonebridge, as sponsor, made loans to the 1042 Investors and received as collateral the bonds that the 1042 Investors had purchased. Stonebridge then securitized these loans by issuing SEC-registered notes to Nomura.

At issue on appeal are clauses in the transaction documents which entitled Nomura to (1) an increased rate of interest on the notes if the Moody's and S&P ratings for the bonds fell below a certain level (the "downgrade yield trigger") (Stonebridge Indenture § 3.3) and (2) Nomura's right to declare a default, accelerating the due date for payment on the notes, if the ratings fell even further (Stonebridge Indenture § 6.1 [a] [ii]; Investor Indentures § 6.1 [a] [v]).

On July 9, 2008, Nomura declared Stonebridge in default because the rating of XL Capital's financial guaranty insurance policy on the bonds had fallen below the default trigger level. Nomura also claimed higher interest based on the triggering of a downgrade yield.

Stonebridge brought this action for a declaration that it is not in default (third cause of action), for reformation of the subject clauses and to restrain the collateral trustees from acting on Nomura's instructions regarding default. It alleged scrivener's error by its own drafter (first cause of action) or mutual mistake (second) in making the triggers dependent on ratings of the "financial guaranty insurance policy related to the underlying bond," instead of ratings of the "underlying bond," which it claimed the parties had negotiated and had agreed to all along,

and that Nomura had acknowledged the mistake and stated that it planned to correct it.

Stonebridge also alleged that, based upon what it considers the operative language of the default clause, since the credit rating agencies do not rate the "policy" but do rate the insurers, the trigger set forth in the documents can never occur so it could not have reflected the actual agreement.

Nomura counterclaimed, as herein relevant, that a downgrade yield and an event of default had been triggered.

The allegations of scrivener's error and mutual mistake were properly dismissed. Stonebridge's allegations failed to meet the "heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). Since the parties did not agree among themselves with respect to the meaning of the disputed language, the court properly found that reformation on the basis of scrivener's error was unavailable (*see Nash v Kornblum*, 12 NY2d 42, 47 [1962]; *Rosalie Estates v Colonia Ins. Co.*, 227 AD2d 335, 337 [1996]).

The mutual mistake claim was also properly dismissed as Stonebridge failed to allege that the parties reached an agreement that was not reflected in the transaction documents, failed to state "exactly" what such agreement was, and thus failed to overcome the strong presumption against mutual mistake claims (*see Harris v Uhlendorf*, 24 NY2d 463, 467 [1969]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 29 [1992], *lv denied in part and appeal dismissed in part* 80 NY2d 1005 [1992]).

The court properly ruled upon the declaratory judgment claim as a matter of law, finding that the declaration sought by Stonebridge would not only render several sections of the indentures meaningless, but would deny Nomura any possibility of ever declaring an event of default, leaving the default provision without any force and effect (*see Acme Supply Co., Ltd. v City of New York*, 39 AD3d 331, 332 [2007], *lv denied* 12 NY3d 701 [2009]). To "avoid an interpretation that would leave contractual clauses meaningless" (*150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [2004] [internal quotation marks and citation omitted]), the court harmonized the unambiguous language of the indentures in conjunction with the language in a contemporaneous tax opinion (*see Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]), finding that the disputed language related to the rating of the issuer of the financial guaranty insurance policy, which was the position espoused by Nomura.

Stonebridge's remaining claims (for trade libel, equitable estoppel, and breach of the implied contract of good faith and fair dealing) were properly dismissed as suffering from grave pleading deficiencies.

We have considered the remaining arguments, including the 1042 Investors' procedural claims, and find them unavailing. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.