▪ BETTY SCHAEFER, as Executrix of WILLIAM F. SCHAEFER, Deceased, Appellant, v TOWN OF VICTOR, Respondent. [909 NYS2d 258]—

Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered September 18, 2009. The order and judgment, among other things, granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff's decedent owned and operated the Genesee Sand & Gravel Landfill (Landfill) located in defendant Town of Victor (hereafter, Town) and, from approximately 1965 until 1981, the Town's residents and businesses were the sole depositors of waste in the Landfill. Pursuant to a 1992 consent order between plaintiff's decedent and the New York State

Department of Environmental Conservation that, inter alia, addressed alleged violations of 6 NYCRR part 360, decedent agreed to close the Landfill and to develop both closure and postclosure plans for it. The Landfill was closed in accordance with those plans in November 1995, whereupon plaintiff's decedent commenced an action seeking to recover costs associated with closing the Landfill (*Schaefer v Town of Victor*, 457 F3d 188 [2006]). The United States Court of Appeals for the Second Circuit agreed with the District Court that the federal causes of action were time-barred and thus were properly dismissed, but the Second Circuit remitted the remaining state law claims to the District Court (*id.*). The record contains an order of the District Court upon remittal in which the District Court declined to exercise supplemental jurisdiction over those claims and thus dismissed them.

Plaintiff thereafter commenced this action, asserting a single cause of action for "reimbursement and/or contribution for response costs that plaintiff has expended for closure . . . and post-closure . . . care of [the Landfill] . . . , pursuant to a common law contribution theory." The Town moved to dismiss the complaint, contending, inter alia, that the cause of action was preempted by the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 USC § 9601 *et seq.*), and that it was also barred under CPLR article 14 and General Obligations Law § 15-108. We conclude that Supreme Court properly granted the Town's motion.

Contrary to plaintiff's contention, "a court may grant summary judgment based upon an unpleaded defense where[, as here,] reliance upon that defense neither surprises nor prejudices the plaintiff" (*Olean Urban Renewal Agency v Herman*, 101 AD2d 712, 713 [1984]; *see Herbert F. Darling, Inc. v City of Niagara Falls*, 69 AD2d 989, 990 [1979], *affd* 49 NY2d 855 [1980]). Plaintiff failed to establish any prejudice or surprise with respect to the unpleaded defenses of preemption, CPLR article 14 and General Obligations Law § 15-108 and, therefore, the court properly considered those defenses despite the fact that they were not pleaded in the Town's answer.

Plaintiff correctly concedes that neither CPLR article 14 nor General Obligations Law § 15-108 applies to her claim for contribution, but she continues to contend in opposition to the Town's motion that she may nevertheless recover based on a common-law theory of contribution. Even assuming, arguendo, that plaintiff's cause of action is not preempted by CERCLA (*see generally Volunteers of Am. of W. New York v Heinrich*, 90 F Supp 2d 252, 258 [2000]), we conclude that plaintiff's cause of

action lacks merit. Plaintiff contends that she may seek contribution from the Town because it had a legal duty to ensure closure and post-closure care of the Landfill. First, the reliance by plaintiff on the cases cited in her brief to support that contention is misplaced inasmuch as they are indemnification cases where the party from whom indemnity was sought had a statutory duty of care (*see State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83 [1984]; *City of New York v Lead Indus. Assn.*, 222 AD2d 119, 128 [1996]). Second, the Town established that it was neither an operator nor an owner of the Landfill (*see* 6 NYCRR 360-1.2 [b] [113], [114]), and thus had no duty either to close the Landfill or to perform post-closure maintenance of it (*see generally* 6 NYCRR 360-1.14 [w]).

Plaintiff further contends that statutory or regulatory violations may serve as a predicate for contribution claims. Again, the reliance by plaintiff on the cases cited in her brief is misplaced because each is based on a personal injury and relies on CPLR 1401 (*see e.g. Zona v Oatka Rest. & Lounge*, 68 NY2d 824 [1986]; *Herrick v Second Cuthouse*, 100 AD2d 952, 953 [1984], *affd* 64 NY2d 692 [1984]; *Rook v 60 Key Ctr.*, 242 AD2d 872 [1997]). Indeed, as plaintiff correctly concedes, CPLR article 14 does not apply where, as here, the claim is not founded upon personal injury, wrongful death or property damage (*see* CPLR 1401). We therefore reject plaintiff's contention. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.