# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1146**
**CA 15-00561**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

D&M CONCRETE, INC., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WEGMANS FOOD MARKETS, INC., DEFENDANT-RESPONDENT.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), AND MCKAIN LAW FIRM, P.C., FOR PLAINTIFF-APPELLANT.

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (TONY R. SEARS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered June 23, 2014. The order and judgment granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this action for breach of contract and related relief, plaintiff appeals from an order and judgment granting defendant's motion for summary judgment dismissing the complaint. We conclude that Supreme Court properly granted the motion.

Initially, we note that plaintiff does not raise any issues concerning the dismissal of the second, third, and fourth causes of action and has therefore abandoned any contentions with respect thereto (*see Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d 1351, 1351; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984). Plaintiff contends that defendant did not plead with sufficient specificity and particularity its affirmative defense that plaintiff failed to comply with a condition precedent by not exhausting the dispute resolution procedures in the parties' contract. We agree. Defendant asserted as its second affirmative defense only that "[plaintiff's] claims fail because [defendant] has fully performed its obligations pursuant to its agreement with [plaintiff] as modified and in light of the failure of [plaintiff] to perform its obligations and/or the failure of one or more conditions precedent." We conclude that such language lacks the specificity and particularity required by CPLR 3015 (a) (*see Nassau County v Metropolitan Transp. Auth.*, 99 AD3d 617, 618, *lv dismissed in part and denied in part* 21 NY3d 921). We nevertheless conclude that "defendant's failure to plead that defense in its answer with sufficient specificity does not preclude an award

of summary judgment based on that defense" (*Accadia*, 115 AD3d at 1352). "[A] court may grant summary judgment based upon an unpleaded defense where . . . reliance upon that defense neither surprises nor prejudices the plaintiff" (*id.* [internal quotation marks omitted]; *see Schaefer v Town of Victor*, 77 AD3d 1346, 1347; *see generally Foley v D'Agostino*, 21 AD2d 60, 65). Here, defendant's reliance on the asserted defense could not have surprised or prejudiced plaintiff inasmuch as plaintiff "was already aware of the facts which constituted the defense" (*Herbert F. Darling, Inc. v City of Niagara Falls*, 69 AD2d 989, 990, *affd* 49 NY2d 855), i.e., the dispute resolution procedures contained in the contract executed by plaintiff (*see generally Blanar v State Farm Ins. Cos.*, 34 AD3d 1333, 1333-1334). Inasmuch as there is no dispute that plaintiff failed to comply with the contractual dispute resolution procedures, and that compliance was a condition precedent to commencing a lawsuit, we conclude that defendant established its entitlement to judgment as a matter of law (*see Acme Supply Co., Ltd. v City of New York*, 39 AD3d 331, 332, *lv denied* 12 NY3d 701).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court