Matter of People Care Inc. v City of N.Y. Human Resources Admin. (2021 NY Slip Op 03289)





Matter of People Care Inc. v City of N.Y. Human Resources Admin.


2021 NY Slip Op 03289


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Oing, JJ. 


Index No. 109193/09 Appeal No. 9023 Case No. 2018-5774 

[*1]In the Matter of People Care Incorporated, Doing Business as Assisted Care, Petitioner-Respondent,
v
The City of New York Human Resources Administration et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Eric Lee and Scott Schorr of counsel), for appellants.
Olshan Frome Wolosky LLP, New York (Thomas J. Fleming and Terrin T. Klein) and Todd V. Lamb, New York City, of counsel, for respondent.



Upon remittitur from the Court of Appeals (36 NY3d 1099 [2021]) for consideration of issues raised but not determined on the appeal to this Court, order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered February 5, 2018, granting the petition brought pursuant to CPLR article 78 to annul respondents' October 20, 2008 audit demanding recoupment of $6,998,432 from petitioner and enjoining respondents from recouping those funds, unanimously reversed, on the law, the petition denied and the proceeding dismissed, without costs.
This Court previously found that The City of New York Human Resources Administration (HRA) lacked the authority to audit and recover overpayments of funds provided pursuant to the Health Care Reform Act (HCRA) (Public Health Law § 2807-v[1][bb]), from personal care services providers like petitioner (see Matter of People Care Inc. v City of N.Y. Human Resources Admin., 175 AD3d 134 [1st Dept 2019]). Accordingly, we did not decide whether petitioner was required to follow the contractual dispute procedures or the merits of HRA's recoupment demand.
The Court of Appeals reversed, finding that the funds for personal care services paid to petitioner pursuant to the HCRA were subject to the audit and recoupment authority of HRA in accordance with the parties' 2001 contract.
We find that petitioner's substantive challenge to HRA's actions falls within the broad scope of the dispute resolution procedures set forth in the contract. Petitioner having failed to first avail itself of those procedures, this proceeding must be dismissed (see Acme Supply Co., Ltd. v City of New York, 39 AD3d 331 [1st Dept 2007], lv denied 12 NY3d 701 [2009]). We accordingly express no opinion regarding the merits of HRA's recoupment demand.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021