Ashekian v Cresco Labs LLC (2024 NY Slip Op 04897)

Ashekian v Cresco Labs LLC

2024 NY Slip Op 04897

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 656112/21 Appeal No. 2734-2735 Case No. 2023-02994, 2023-03005 

[*1]Stephen Ashekian, Plaintiff-Appellant,
v
Cresco Labs LLC, et al., Defendants-Respondents.

Shlansky Law Group, LLP, New York (David J. Shlansky of counsel), for appellant.
Winston & Strawn LLP, New York (Kelly Mannion Ellis of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 10, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the first and third causes of action in the complaint and declared that defendants had no current obligation to release the dispensary shares to plaintiff or to instruct the escrow agent to do so, unanimously affirmed, with costs. Order, same court and Justice, entered April 26, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fifth cause of action of the first amended complaint with prejudice and ordered that the operative pleading will be the October 22, 2021 complaint, unanimously affirmed, with costs.
Defendants established their prima facie entitlement to summary judgment dismissing the cause of action seeking a declaratory judgment for release of dispensary shares under § 3.3 of the parties' escrow agreement (first cause of action of the complaint), the cause of action for breach of § 3.1 of the escrow agreement (third cause of action of the complaint), and the cause of action seeking reformation of the agreement (fifth cause of action of the first amended complaint). The passage of legislation authorizing the sale of cannabis for adult recreational use by registered organizations before the deadline date was insufficient to satisfy the terms of the escrow agreement mandating release of the dispensary shares. The triggering event set forth in § 3.1.1 expressly referred to the award of "dispensary licenses," which was to be effected by a regulatory body, not by the legislature. The parties are sophisticated businesspeople who were represented by counsel when the escrow agreement was drafted; had they intended that the passage of legislation authorizing the sale of cannabis by registered organizations for adult use would be sufficient to trigger the release of the escrowed shares, the agreement could have stated as much (see Chimart Assoc. v Paul, 66 NY2d 570, 574 [1986]). Moreover, plaintiff did not present evidence that the parties agreed among themselves that § 3.1 meant what plaintiff now asserts it means (see Stonebridge Capital, LLC v Nomura Intl. PLC, 68 AD3d 546, 548 [1st Dept 2009]).
We reject plaintiff's argument that the use of the term "license" in the escrow agreement was a mutual mistake regarding the eventual parameters of the cannabis regulatory scheme and that the parties' agreement should be reformed on that basis. Reformation based on mutual mistake is not available where, as here, the parties purposely contracted based on uncertain or contingent events — namely, the hoped-for future passage of legislation permitting cannabis sales for adult recreational use by registered organizations (see Chimart Assoc., 66 NY2d at 574).
We further reject plaintiff's assertion that the agreement should be reformed because the use of the word "license" in § 3.1 of the escrow [*2]agreement was a scrivener's error. Plaintiff presented no evidence that the parties intended that the contract mandate release of the escrowed shares upon the passage of legislation authorizing adult recreational use of marijuana (see 34-06 73, LLC v Seneca Ins Co, 39 NY3d 44, 52 [2022]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024