Success Academy Charter Schs., Inc. v Liberty Sq. Realty Corp. (2025 NY Slip Op 01305)

Success Academy Charter Schs., Inc. v Liberty Sq. Realty Corp.

2025 NY Slip Op 01305

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 654728/18|Appeal No. 3830|Case No. 2024-00891|

[*1]Success Academy Charter Schools, Inc., Plaintiff-Respondent,
v
Liberty Square Realty Corp., et al., Defendants-Appellants.

Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Robert L. Weigel of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered January 12, 2024, which, to the extent appealed from, denied defendants' motion to dismiss the cause of action for breach of contract (first cause of action) as against defendant Liberty Square Realty Corp. (the landlord), and for an order directing plaintiff to pay to the landlord use and occupancy pendente lite, unanimously modified, on the law, to grant the motion to the extent of dismissing so much of the first cause of action as seeks a declaration that the tenant may terminate the lease based on the landlord's failure to pay real estate taxes, and otherwise affirmed, without costs.
Supreme Court correctly denied defendants' motion to dismiss the first cause of action to the extent it seeks a judgment declaring that the tenant is entitled to terminate the lease based on the landlord's failure to perform the "Landlord's Work," the violation of the tenant's right to quiet enjoyment, and the landlord's failure to deliver vacant possession of the premises. Although section 31.1 of the lease significantly restricts the tenant's right to terminate the lease except as expressly provided, Supreme Court correctly concluded that section 31.1 would not preclude a termination arising from the landlord's breach of its obligations under sections 1.3 and 37.1 to use its best efforts to perform its work in a good and workmanlike manner in accordance with all legal requirements, or arising from the breach of its obligation under section 28.1 to protect the tenant's right to quiet enjoyment. The tenant alleges that the landlord's work was so inadequately performed as to render the premises dangerous and unusable for any purpose, and that the landlord excluded the tenant from the premises by allowing a film crew to occupy the premises in the tenant's stead. These allegations sufficiently allege a constructive eviction that, if established, would entitle the tenant to terminate the lease under section 3.7(b) (see e.g. Johnson v Cabrera, 246 AD2d 578, 579 [2d Dept 1998]).
Contrary to the landlord's position otherwise, the "best efforts" clause and the requirements for performance of its work are not subsumed in the completion of the work, but constitute independent obligations (see e.g. Pfizer Inc. v PCS Health Sys., Inc., 234 AD2d 18, 19 [1st Dept 1996]). The court therefore properly harmonized the various terms of the lease to give effect to all of the relevant terms (see Acme Supply Co., Ltd. v City of New York, 39 AD3d 331, 332 [1st Dept 2007]).
The court also properly declined to dismiss so much of the first cause of action as sought a declaration that the tenant has a right to terminate based on the landlord's failure to give vacant possession of the premises under sections 3.4(c) and 3.7(a). The allegations in the complaint, which are accepted as true at the pleadings stage (Leon v Martinez, 84 NY2d 83, 87 [1994]), provide a proper predicate for termination of the lease as expressly [*2]provided in those sections. The tenant alleges that the premises were padlocked so that it was excluded from entering on the date that vacant possession was to be delivered, and that its later attempts to access the premises were thwarted by the film crew. These allegations adequately state a claim for breach of section 3.4(c), which expressly permits the tenant to "elect to terminate" the lease on this basis as set forth in section 3.7(a).
However, Supreme Court should have dismissed so much of the first cause of action as sought a declaration that the tenant may terminate the lease based on the landlord's failure to pay real estate taxes as required under section 4.1 of the lease. Although the landlord's failure to pay real estate taxes, if established, may warrant an award of money damages in the tenant's favor, section 4.1 does not state that the lease may be terminated based on violation of that section. Nor does the tenant advance any argument that a common-law right to terminate arises from the landlord's failure to pay real estate taxes. Because section 31.1 limits the tenant's right to terminate the lease "except as otherwise specifically provided," a termination as contemplated by section 3.7(b) based on the landlord's default in its obligations under the lease does not apply to section 4.1.
Finally, the court providently exercised its discretion in denying use and occupancy based on the tenant's unrebutted assertion that it never occupied the premises (see 43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 501 [1st Dept 2013]). Because the tenant has alleged that vacant possession was never delivered, that the landlord controls access to the premises and allows others to occupy them, and that the tenant is not in occupancy, the landlord's right to collect use and occupancy payments has not been established, and the "remedy for any over or underpayment [of use and occupancy] is a speedy trial" (Ballinteer Corp v SNRP W. 37 LLC, 217 AD3d 597, 598 [1st Dept 2023]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025