MARY ORCIOULI, Doing Business as HUDSON VALLEY TITLE COMPANY, et al., Appellants, v AUGUST BOHL CONTRACTING CO., INC., et al., Respondents. CONTINENTAL CASUALTY COMPANY, Intervenor-Respondent.

Third Department, April 2, 1981

APPEARANCES OF COUNSEL

*Douglas M. Spector* for appellants.

*Pemberton, Buchyn & O'Hare (James L. Pemberton* of counsel), for intervenor-respondent.

OPINION OF THE COURT

MAHONEY, P. J.

In connection with a contract for a public improvement between the Rensselaer County Sewer District No. 1 (county) and Cozzolino Construction Company (Cozzolino), Continental Casualty Company (Continental) issued labor and material payment bonds to insure payment to mate-

rialmen and laborers who supplied or worked on the project. Prior to the issuance of the bonds, Continental and Cozzolino executed a general agreement of indemnity wherein Cozzolino as indemnitor assigned, upon default, "any and all sums due under the contract(s) at the time of such default, or which may thereafter become due, and the Indemnitors hereby authorize the Company to endorse in the name of the payee and to receive and collect any check, draft, warrant or other instrument made or issued in payment of any such sum, and to disburse the proceeds thereof." Cozzolino defaulted in that it failed to pay certain subcontractors and materialmen. Pursuant to its bonds, Continental paid $154,738.65 to these creditors. Thereafter, petitioners obtained a default judgment against Cozzolino in the amount of $203,582.54 for obligations not connected with the subject public improvement. Pursuant to CPLR 5230, a property execution was issued against Cozzolino and petitioners directed the Sheriff to levy against money ($33,527.58) retained by the county pursuant to its contract with Cozzolino.

Following the levy, petitioners, on February 8, 1980, commenced a special proceeding in Supreme Court (CPLR 5225, subd [b]; 5227; 5239) to determine the rights to the fund retained by the county. Continental was not a named party in this proceeding. Since the proof submitted only identified one mechanic's lienor with rights superior to petitioners, Special Term ordered the county to turn over $18, 211.85 to petitioners. One month later, Continental, as an intervenor in the special proceeding (CPLR 5225, subd [b]; 5239), filed a petition seeking vacatur of Special Term's order. Such relief was resisted by petitioners on the ground that Continental's failure to file notice of the purported assignment in accordance with section 16 of the Lien Law precluded it from asserting a right to the retained fund superior to the judgment creditors. Special Term, by order dated July 9, 1980, vacated its order.

There must be an affirmance.

While it is true that section 16 of the Lien Law provides that no assignment of a contract for the performance of labor or the furnishing of materials for a public improve-

ment, or of the money due, shall be valid unless such assignment be filed, such requirement has been interpreted by the Court of Appeals as being legislatively intended to protect laborers and materialmen who contributed their labor and material to the construction of the public improvement, and not, as here, for the protection of judgment creditors *(Edison Elec. Illumuniating Co. of Brooklyn v Frick Co.,* 221 NY 1; 6 NY Jur 2d, Assignments, § 39). Thus, Continental's failure to file the assignment resulted in a loss of lien priority with respect to mechanic's lienors who had filed their liens, but such failure had no such effect with respect to judgment creditors generally *(Amiesite Constr. Corp. v Luciano Contr. & Bldg. Co.,* 284 NY 223; see, also 6 NY Jur 2d, Assignments, § 69). The general agreement of indemnity, though not filed, is, nevertheless a valid common-law assignment of the retained money and effectively gives Continental a preference over judgment creditors.

The alternative argument that the transaction herein was subject to the filing requirements of article 9 of the Uniform Commercial Code is rejected. The filing requirements (Uniform Commercial Code, § 9-301, subd [1], par [b]) are not intended to require a surety who has posted payment bonds to file a financing statement.

The order should be affirmed, with costs.

SWEENEY, KANE and CASEY, JJ., concur.

Order affirmed, with costs.