13-2021-cv
Euchner-USA, Inc., et al. v. Hartford Cas. Ins. Co.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued: April 9, 2014     Decided: June 10, 2014)

Docket No. 13-2021-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EUCHNER-USA, INC., MICHAEL LADD,
EUCHNER-USA, INC. 401-K PLAN,

Plaintiffs-Appellants,

- v.-

HARTFORD CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Before:                KEARSE, JACOBS, and LYNCH, Circuit Judges.

Euchner-USA, its Chief Executive Officer Michael Ladd, and the Euchner-

USA 401-k Plan appeal from a judgment of the Northern District of New York

(McAvoy, J.), granting summary judgment in favor of Hartford Casualty

Insurance Company. Hartford denied coverage and refused to defend Euchner in a lawsuit alleging, *inter alia*, ERISA violations stemming from an alleged misclassification of a former employee as an independent contractor. For the following reasons, we conclude there was a reasonable possibility of coverage and, therefore, Hartford had a duty to defend. As a result, we vacate and remand in part. We affirm the dismissal of Euchner's claim brought under N.Y. Gen. Bus. Law § 349.

ALAN J. PIERCE, Hancock Estabrook, LLP, Syracuse, NY, for Plaintiffs-Appellants.

KENNETH R. LANGE (Brendan T. Fitzpatrick, on the brief), Goldberg Segalla LLP, Garden City, NY, for Defendant-Appellee.

DENNIS JACOBS, Circuit Judge:

This declaratory judgment action under New York law involves Hartford Casualty Insurance Company's issuance to Euchner-USA of comprehensive general liability insurance with an endorsement covering the company's employee benefits program. Hartford has denied coverage and refused a defense as to a suit in which the plaintiff alleged (a) that she was sexually harassed and

(b) that she was coerced into accepting a changed status that Euchner improperly classified as an independent sales position, with resulting loss of employee benefits under Euchner's 401(k) plan.

Euchner, its Chief Executive Officer ("CEO") Michael Ladd, and the Euchner 401-k Plan (collectively, "Euchner") appeal from a judgment of the Northern District of New York (McAvoy, J.), granting Hartford's motion for summary judgment on the ground that the underlying suit alleged only intentional wrongdoing. Having ruled that Hartford did not owe a defense, the court did not reach the issue of indemnity. For the following reasons, we conclude that a reasonable possibility existed that some claims in the former employee's (amended) complaint might implicate the coverage extended by endorsement, and that Hartford therefore owed a duty to defend. We do not reach the issue of indemnity. We therefore vacate and remand in part. The dismissal of the claim brought under N.Y. Gen. Bus. Law § 349 is affirmed.

## BACKGROUND

In April 2011, Euchner was sued by former employee Jada Scali. Scali Compl., J.A. at 56-74. Her initial complaint alleged that she was hired as a

3

regional sales manager in 2008, that she was sexually harassed by a senior executive, that she confronted him about his conduct, that she was wrongfully terminated as an employee, that she was coerced into accepting an independent sales position, and that the new position disqualified her from receiving a number of benefits reserved for the company's employees. Passim, the initial complaint characterized Euchner's conduct as "unlawful," "fraudulent," "discriminatory," and "wrongful coercion." Id.

Euchner forwarded the complaint to Hartford, which had issued a primary Commercial General Liability policy and an excess policy to Euchner. The policy forms excluded coverage for employment-related practices; but employee benefits liability was covered by an endorsement providing that Hartford would pay "those sums that the insured becomes legally obligated to pay as 'damages' because of 'employee benefits injury' to which this insurance applies." Emp. Benefits Liab. Coverage Form, J.A. at 46. "Employee benefits injury" was defined as an "injury that arises out of any negligent act, error or omission in the 'administration' of your 'employee benefits programs.'" Id. at 51. Coverage was excluded for civil or criminal liability arising out of "[a]ny dishonest, fraudulent, criminal or malicious act." Id. at 47.

4

In May 2011, Hartford disclaimed coverage for the Scali action, citing the exclusion for employment-related practices. Euchner does not contest this initial disclaimer and refusal to defend.

In October 2011, Scali filed an amended complaint. The factual allegations were substantially the same as those in the original complaint, but Scali added the Euchner 401-k Plan as a defendant and included causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829. Scali Am. Compl., J.A. at 83, 101-04. The ERISA claims alleged that Euchner "improperly classified" Scali as an independent contractor rather than as an employee. Id. at 101-04. As a result of this misclassification, she was allegedly deprived of benefits under Euchner's 401(k) plan.

Euchner sent the amended complaint to the insurer, along with additional documents describing Scali's relationship with the firm. The amended complaint was reviewed by a litigation consultant at Hartford, who determined the newly-added ERISA claims triggered Hartford's coverage under the employee benefits liability endorsement. His supervisor disagreed, however, and Hartford disclaimed coverage and refused to mount a defense on two grounds: (1) the policy only covered employee claims, whereas Scali's Independent Sales

5

Management Agreement established that she had become an independent contractor; and (2) in any event, there was an exclusion for any liability arising out of a failure by Euchner to comply with regulatory reporting requirements associated with an employee benefits program.[1]

After this second disclaimer of coverage and refusal to undertake a defense, Euchner retained counsel to defend the Scali action and to continue coverage discussions with the Hartford. When Euchner later informed Hartford of an impending settlement of the Scali action, Hartford sent another disclaimer, this time relying on the exclusion for wrongful conduct. In April 2012, Euchner settled the Scali action for a confidential sum.

Euchner commenced this action to determine the rights and obligations of the parties under the insurance policy, and whether Hartford is required to reimburse Euchner for attorney's fees and a portion of the Scali settlement amount. Euchner also alleged Hartford's actions violated N.Y. Gen. Bus. Law § 349.

---

[1] Hartford's letter quotes extensively from the policy language, including the exclusion for any "dishonest, fraudulent, criminal or malicious act." However, this exclusion did not form the basis of Hartford's disclaimer of coverage. Hartford Disclaimer Letter, dated Oct. 26, 2011, J.A. at 175-83.

After discovery, the parties cross-moved for summary judgment. The district court ruled that Hartford had no duty to defend because the policy excluded the intentional conduct alleged in Scali's amended complaint, and granted summary judgment in favor of Hartford. The court denied reconsideration in a Decision and Order dated July 8, 2013. See Euchner-USA, Inc. v. Hartford Cas. Ins. Co., No. 5:12-CV-604, 2013 WL 3455733 (N.D.N.Y. July 8, 2013). This appeal followed.

## DISCUSSION

We review a grant of summary judgment *de novo*. Guertin v. United States, 743 F.3d 382, 385 (2d Cir. 2014). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). "'In considering the evidence, the court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment even if contrary inferences might reasonably be drawn.'" Id. (quoting Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin., 710 F.3d 71, 79 (2d Cir. 2013)).

**I**

The parties agree that New York law controls whether Hartford had a duty to defend the Scali action. In New York, an insurer's duty to defend is "exceedingly broad" and distinct from the duty to indemnify. Auto. Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137 (2006) (quotation marks omitted). "The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person." Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford, 64 N.Y.2d 419, 424 (1985). "The duty [to defend] remains 'even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered.'" Auto. Ins. Co. of Hartford, 7 N.Y.3d at 137 (quoting Fitzpatrick v. Am. Honda Motor Co., 78 N.Y.2d 61, 63 (1991)) (second alteration in original). "Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." Id.; see generally 1 Ostrager & Newman, Handbook on Insurance Coverage Disputes § 5.02 (16th ed. 2013).

"[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" Auto. Ins. Co. of Hartford, 7 N.Y.3d at 137 (quoting Cont'l Cas. Co. v. Rapid-

8

American Corp., 80 N.Y.2d 640, 648 (1993)) (ellipsis in original); see also Town of Massena v. Healthcare Underwriters Mut. Ins. Co., 98 N.Y.2d 435, 443 (2002) (stating the duty to defend arises whenever allegations in a complaint give rise to the "reasonable possibility of recovery under the policy" (quotation marks omitted)); Servidone, 64 N.Y.2d at 424 (stating duty to defend is distinguishable from the duty to indemnify because it is based on the mere possibility of coverage from the face of the complaint). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." Auto. Ins. Co. of Hartford, 7 N.Y.3d at 137 (quotation marks omitted). Whether a complaint asserts additional claims falling outside the policy is immaterial. See Town of Massena, 98 N.Y.2d 435 at 443-44. "Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved in favor of the insured and against the carrier." Brook Shopping Ctr. v. Liberty Mut. Ins. Co., 80 A.D.2d 292, 294 (N.Y. 1st Dep't 1981) (citation omitted).

Hartford's policy covered "employee benefits injury," defined as an "injury that arises out of any negligent act, error or omission in the 'administration' of [Euchner's] 'employee benefits programs.'" Emp. Benefits

9

Liab. Coverage Form, J.A. at 46, 51. The operative allegations of Scali's amended complaint are that Euchner misclassified her as an independent contractor rather than an employee, thus depriving her of pension benefits under the 401(k) plan. The parties do not dispute that the 401(k) plan is an "employee benefits program" under the policy. The decisive issue is whether there was a reasonable possibility that Scali's ERISA claims arose (A) from negligence in (B) administering the 401(k) plan.

**A**

Scali's ERISA claims raised a reasonable possibility of negligence on Euchner's part. It was alleged only that Euchner misclassified her position; it was not alleged whether this misclassification was done intentionally or negligently. The complaint contained allegations that bespeak malice; but none of Scali's ERISA claims alleged that Euchner improperly classified her with the *purpose* of interfering with her retirement benefits. Nowhere in the amended complaint, for example, did Scali allege that Euchner violated ERISA Section 510, 29 U.S.C. § 1140 (protecting against an employer's discharge of an employee "for the purpose of interfering with the attainment of any right to which such

participant may become entitled under" an ERISA plan). Nor did Scali's ERISA claims require a showing of intent; they stood or fell on whether, notwithstanding the classification as an independent contractor, Euchner so controlled Scali's activities that she came within the common-law definition of an employee. See Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 31 (2d Cir. 2010).

Hartford emphasizes that its policy contained an exclusion for wrongful, unlawful, intentional, or fraudulent conduct. "When an exclusion clause is relied upon to deny coverage, the burden rests upon the insurance company to demonstrate that the allegations of the complaint can be interpreted *only* to exclude coverage." Town of Massena, 98 N.Y.2d at 444 (emphasis added). "When an insurer seeks to disclaim coverage on the [] basis of an exclusion . . . the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation." Auto. Ins. Co. of Hartford, 7 N.Y.3d at 137 (quotation marks omitted). "[E]xclusions are subject to strict construction and must be read narrowly." Id. (citation omitted)

11

The amended complaint alleged that Euchner "unlawfully and with discriminatory intent terminated Plaintiff as an employee and fraudulently, unwillingly and wrongfully coerced Plaintiff into entering into an Independent Sales Manager Representative Agreement." Scali Am. Compl., J.A. at 87-88. But as to the ERISA classification, it was alleged only that it was done "improperly and unlawfully," id., which is a legal conclusion, not an allegation of fact. And as Hartford observes, the focus should be on the complaint's factual allegations rather than its legal assertions. See Bridge Metal Indus., L.L.C. v. Travelers Indem. Co., 812 F. Supp. 2d 527, 537 n.8 (S.D.N.Y. 2011) (citing cases). "[T]he analysis depends on the facts which are pleaded, not the conclusory assertions." Allstate Ins. Co. v. Mugavero, 79 N.Y.2d 153, 162 (1992). Hartford therefore cannot show that the ERISA allegations fall entirely within this policy exclusion.

**B**

We further conclude that there is a reasonable possibility that the ERISA claims arose from the "administration" of Euchner's benefit plan. The Hartford policy defines "administration" as: 1) "[g]iving counsel to your employees or their dependents and beneficiaries, with respect to interpreting the scope of your

12

'employee benefits program' or their eligibility to participate in such programs";

and 2) "[h]andling records in connection with 'employee benefits program[s].'"

Emp. Benefits Liab. Coverage Form, J.A. at 50.

We need not decide whether Euchner's classification of Scali as an independent contractor might be deemed advice or counsel to her regarding her eligibility, because it is clear enough that determining her eligibility may reasonably be considered part of the program's recordkeeping function.

Hartford's argument that "administration" encompasses only ministerial acts is unavailing. Hartford relies on Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Travelers Prop. Cas. Co., No. 05 Civ. 4648(NRB), 2006 WL 1489243, at *7 (S.D.N.Y. May 26, 2006), which held that "administration" in a similar context entailed "ministerial actions" rather than "deliberate, discretionary activity." Notwithstanding the National Union opinion and the cases it cites, no construction can modify the definition of the term in the contract wording. In any event, classification of someone either as an independent contractor or as an employee for purposes of program eligibility is not a matter of discretion.

In sum, there was a reasonable possibility of coverage under Hartford's policy as to Scali's ERISA claims. Hartford therefore had a duty to defend Euchner. On remand, the district court should consider Euchner's other arguments in the first instance, among other things: whether Hartford breached a duty to indemnify (a distinct question); and whether Euchner is entitled to attorney's fees in *this* action due to Hartford's breach of the duty to defend.

**II**

Euchner also challenges the dismissal of its claim under N.Y. Gen. Bus. Law § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." A plaintiff bringing a § 349 claim must prove: 1) that the challenged act or practice was consumer-oriented; 2) that it was misleading in a material way; and 3) that the plaintiff suffered injury as a result of the deceptive act. See Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (2000); Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 55-56 (1999).

Typically, private contract disputes cannot form the basis of a § 349 claim. A plaintiff "must demonstrate that the acts or practices have a broader impact on

14

consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (1995) (citation omitted); see also Zawahir v. Berkshire Life Ins. Co., 22 A.D.3d 841, 842 (N.Y. 2d Dep't 2005) ("This action simply involves a private contract dispute involving coverage under the subject policies, in contrast to the consumer-oriented, deceptive conduct aimed at the public at large that General Business Law § 349 is designed to address." (citation omitted)). Euchner has not shown that Hartford is engaged in a deceptive practice raising public, consumer-oriented concerns. Therefore, we affirm the district court's dismissal of Euchner's § 349 claim.

**CONCLUSION**

For the foregoing reasons, we affirm in part, and vacate and remand in part.