19-778-cv
*Nanette Lepore v. Hartford Fire Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                  *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


NANETTE LEPORE, ROBERT SAVAGE,
ROBESPIERRE, INC., a New York Corporation, and
NLHE, LLC, a New York Company,
                  *Plaintiffs-Appellants*,

                  -v-                                        19-778-cv

HARTFORD FIRE INSURANCE COMPANY, a
Connecticut Corporation,
                  *Defendant-Appellee*.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFFS-APPELLANTS:       DAVID A. GAUNTLETT (James A. Lowe, *on the brief*), Gauntlett & Associates, Irvine, California.

FOR DEFENDANT-APPELLEE:     DAVID SIMANTOB (Katherine E. Tammaro, *on the brief*), Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Nanette Lepore, Robert Savage, Robespierre, Inc., and NLHE LLC ("plaintiffs") appeal from the March 13, 2019 judgment of the district court granting the motion of defendant-appellee Hartford Fire Insurance Company ("Hartford") for summary judgment and denying plaintiffs' cross-motion for partial summary judgment. The district court explained its reasoning in an opinion and order entered March 12, 2019. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs purchased umbrella and primary commercial general liability insurance policies from Hartford. The policies provided that Hartford "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury,'" which is defined as, among other things, "injury . . . arising out of one or more of the following offenses: . . . Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization[']s goods, products or services." J. App'x at 716, 720. The coverage was

limited by two relevant exclusions. First, the policies contained an intellectual property ("IP") exclusion, which excluded coverage for:

> (1) "Personal and advertising injury" arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or
>
> (2) Any injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

J. App'x at 698.

Second, the policies contained a breach of contract exclusion, which provided that the policies did not apply to "'[p]ersonal and advertising injury' arising out of a breach of contract, except an implied contract to use another's 'advertising idea' in your 'advertisement'." J. App'x at 705.

The instant action derives from a 2016 suit filed in New York state court (the "NL suit").[1] The NL suit arose out of the 2014 sale by Lepore of the core assets of her business, including "substantially all of her trademarks, copyrights . . . and other intellectual property . . . [including] her primary namesake trademark." J. App'x at 746. The NL suit asserted seventeen causes of action, including breach of contract and

---

[1] The case, which is still pending, is styled *NL Brand Holdings LLC v. Nanette Lepore*, No. 0656682/2016 (N.Y. Sup. Ct.).

tortious interference with advantageous business relationship, and alleged that plaintiffs violated the licensing agreement by, *inter alia*, "flouting all contractual requirements governing use of the Purchased IP, failing to adhere to non-compete and non-disparagement obligations and public-statement prohibitions, and wrongfully co-mingling the Licensed Marks with the products and marks of third-party collaboration partners." J. App'x at 749-50.

Hartford declined to defend or indemnify plaintiffs with respect to the NL suit, arguing that both the IP and breach of contract exclusions applied. Plaintiffs filed an action for a declaratory judgment for a determination that Hartford had a duty to defend them in the NL suit. Hartford moved for summary judgment dismissing the action, and plaintiffs filed a cross-motion for summary judgment requiring Hartford to defend and pay reasonable defense expenses. The district court granted Hartford's motion, holding that the exclusions barred coverage.

## I.      Standard of Review

"We review the district court's determination on summary judgment *de novo*" and "affirm[] a grant of summary judgment only where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Jones v. Cty. of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019) (internal quotation marks omitted).

- 4 -

## II.    Discussion

"Under New York law, insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012).[2] "[C]ontract terms are ambiguous if they are capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 148 (2d Cir. 2017) (internal quotation marks omitted). "If the contract is unambiguous, its meaning is . . . a question of law for the court to decide." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009). "[T]he clear and explicit meaning of insurance policy provisions, interpreted in their ordinary and popular sense[,] controls judicial interpretation unless used by the parties in a technical sense or a special meaning is given to them by usage." *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Corp.*, 363 F.3d 137, 147 (2d Cir. 2004) (internal quotation marks and alterations omitted) (citing *McGrail v. Equitable Life Assur. Socy. of U.S.*, 292 N.Y. 419, 424-25 (1944)).

Where a policy contains exclusions, "if any one exclusion applies there can be no coverage." *Maroney v. New York Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 471 (2005).

---

[2]    Although the parties do not explicitly state that New York law applies, both parties cite to New York law for the principles of contract interpretation and do not challenge the district court's application of New York law.

Finally, an insurance company's duty to defend is "broader than its duty to indemnify," and an insurer seeking to disclaim coverage on the basis of an exclusion "will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation." *Aut. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (internal quotation marks omitted).

Plaintiffs argue that because no violation of IP rights was asserted in the NL suit, the IP exclusion must be read narrowly, and the IP exclusion does not extend to the claims in the NL suit. We disagree.

First, although there are no direct claims for IP relief in the NL suit, the NL complaint alleges at several points that plaintiffs violated the licensor's IP rights, most directly in the unfair competition claim. In analyzing whether an exclusion applies to a claim, our focus is "on the complaint's factual allegations rather than its legal assertions." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 142 (2d Cir. 2014); *see also Town of Massena v. Healthcare Underwriters Mut. Ins. Co*, 834 N.Y.S. 2d 736, 739-40 (2007). The unfair competition claim, which alleges that plaintiffs "repeatedly used, displayed and otherwise exploited the Purchased IP . . . without authorization . . . to further their own competing business interests," is premised entirely on alleged

trademark infringement. J. App'x at 792. Thus, we conclude that the complaint in the NL suit alleges an IP violation.

Second, these allegations trigger the IP exclusion. The IP exclusion bars coverage for "injury or damage" alleged in a "suit" that "also alleges" "an infringement or violation of any intellectual property right." J. App'x at 698. We interpret this unambiguous provision in its ordinary sense. *See Int'l Bus. Machs.*, 363 F.3d at 147. The IP exclusion thus bars coverage for the entire NL suit. Accordingly, we conclude that the district court did not err when it granted Hartford's motion for summary judgment and denied plaintiffs' motion for partial summary judgment.[3]

\* \* \*

We have considered plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Plaintiffs further argue that the district court erred in finding that the breach of contract exclusion also barred coverage for the NL suit and that Hartford engaged in a bad faith denial. We need not reach these questions, however, as the IP exclusion bars coverage for the entire NL suit.