23-624-cv
*Pine Management, Inc. v. Colony Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

Present:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

---

PINE MANAGEMENT, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                          23-624-cv

COLONY INSURANCE COMPANY,

> *Defendant-Counter-Claimant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Counter-Defendant-Appellant: | DENNIS J. NOLAN (John M. Leonard, *on the brief*), Anderson Kill P.C., New York, New York |
| For Defendant-Counter-Claimant-Appellee: | M. PAUL GORFINKEL (Amanda R. Griner, *on the brief*), Rivkin Radler LLP, Uniondale, New York |

Appeal from a judgment of the United States District Court for the Southern District of

New York (Mary Kay Vyskocil, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Pine Management ("Pine") appeals from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *District Judge*), entered on March 21, 2023, granting Defendant-Counter-Claimant-Appellee Colony Insurance Company's ("Colony") motion for judgment on the pleadings. Pine—which acquires, manages, and develops rental apartment buildings—purchased a professional liability insurance policy (the "Policy") from Colony. The Policy was effective from August, 1, 2018, to December 1, 2019 (the "Policy Period"), with a retroactive coverage date of March 1, 2016. In July 2019, Jerome Schneider, on behalf of ten New York limited liability companies (the "Schneider Group"), filed a complaint against Pine in New York state court, primarily alleging that Pine mismanaged certain apartment buildings owned by the Schneider Group (the "Schneider Action"). Schneider's complaint included as an exhibit a letter dated July 17, 2018, from the law firm representing Schneider, Holland & Knight (the "HK Letter"), which advised Pine of the possible claims against it. After Pine notified Colony of the complaint, Colony refused to defend or to indemnify Pine in the underlying action on the ground that the HK Letter reflected a claim made prior to the Policy Period, which meant that the Schneider Action was not covered under the Policy. Pine then filed this action against Colony, seeking damages and a declaration that Colony has a duty to defend Pine in the Schneider Action and to cover any losses. Colony moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court granted Colony's motion, and this appeal followed. We assume the parties' familiarity with the case.

2

"We review a grant of a Rule 12(c) motion for judgment on the pleadings *de novo* under the same standard as the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 606 (2d Cir. 2024) (quoting *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv. (ASPCA)*, 60 F.4th 16, 21 (2d Cir. 2023)).[1]  "That is, we evaluate a judgment on the pleadings to see whether the complaint fails to state a claim that is plausible on its face.  In doing so, we draw all reasonable inferences in the plaintiff's favor to assess whether a complaint's factual allegations plausibly give rise to an entitlement to relief." *Id*. (quoting *ASPCA*, 60 F.4th at 21). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or exhibits incorporated in it by reference*." In re Nine W. LBO Sec. Litig*., 87 F.4th 130, 143 (2d Cir. 2023) (quoting *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021)).

"New York law distinguishes between the duty to indemnify and the duty to defend, applying very different presumptions to each." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co*., 720 F.3d 71, 76-77 (2d Cir. 2013) (quoting *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 615 (2d Cir. 2001)).  In determining whether an insurance policy compels an insurer to indemnify a policy holder's loss, courts must first determine whether there is a "reasonable basis for a difference of opinion as to the meaning of the policy." *Id*. at 77 (quoting *Fed. Ins. Co. v. Int'l Bus. Machs. Corp.,* 18 N.Y.3d 642, 646 (2012)).  "If there is, the language at issue would be deemed to be ambiguous and thus interpreted in favor of the insured." *Id*. (quoting *Fed. Ins. Co.*, 18 N.Y.3d at 646).  "In New York, an insurer's duty to defend is exceedingly broad and distinct from the duty to indemnify." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co*., 754 F.3d 136, 140 (2d

---

[1]  Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

Cir. 2014) (quoting *Auto Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006)). "[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 443 (2002) (quoting *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 65 (1991)). Nevertheless, "an insurer's duty to defend is limited absolutely by the scope of the coverage purchased. If there is no legal or factual circumstance that could trigger the duty to indemnify against a claim, then there is no duty to defend against it." *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004).

This appeal turns on when Pine first received a coverage-triggering claim within the meaning of the Policy. Under the Policy, Colony agreed to provide coverage only for a "[l]oss result[ing] from a Claim first made and reported in writing during the Policy Period." App'x at 25. A "Claim," in turn, is defined as a "written demand received by [Pine] for monetary, nonmonetary, or injunctive relief" and arising from a "Wrongful Act." *Id.* at 28. Finally, a "Wrongful Act" is defined as "any actual or alleged act, error, omission or breach of duty by [Pine] in the rendering of or failure to render Real Estate Development Services." *Id.* at 33. Colony argues—and the district court agreed—that Pine received a Claim when the HK Letter was sent two weeks before the Policy Period, and so there is no coverage. By contrast, Pine contends that the HK Letter does not constitute a Claim because it does not contain a sufficiently clear demand for relief and because it is framed in precatory language that failed to put Pine on proper notice of the demand. *See Gil Enters., Inc. v. Delvy*, 79 F.3d 241, 246 (2d Cir. 1996) ("[I]t is necessary that the party upon whom the demand is being made be put on notice that . . . legal obligations have been triggered."). Pine argues that it did not receive a Claim until the Schneider Action was

4

filed in July 2019, after the Policy Period had begun.

We agree with the district court that the HK Letter constituted a Claim within the meaning of the Policy. The HK Letter contains several allegations of wrongdoing, including specific theories of legal liability concerning Pine's management of the LLCs, which the HK Letter explicitly styles as "claims." Specifically, the HK Letter states that "the purpose of this letter is to advise [Pine] of claims by the [Schneider Group] against Pine" and that "Pine has breached its fiduciary duty," "failed to disclose material facts," and "breached provisions of the governing Operating Agreements." App'x at 199. The HK Letter also makes it clear that it is demanding certain forms of relief. For example, it contains an explicit demand for the production of specified documents, including certain documents regarding Pine's capital expenditures. And it alleges that Pine made unauthorized payments to itself, indicating that the letter was demanding repayment of such funds. The HK Letter therefore put Pine on notice that the Schneider Group sought relief to remedy Pine's alleged wrongdoing.

The final paragraph of the HK Letter "suggest[ed] that a meeting be scheduled to resolve" the concerns outlined in the letter, and stated "that a mutually satisfactory resolution of the issues is preferable to a costly and unnecessary litigation." *Id.* at 211. Pine argues that this language indicates that the Schneider Group was not making a Claim but simply wanted to discuss its concerns. We disagree. On the contrary, this final line—explicitly referencing future litigation—underscored the legal consequences that would likely result from noncompliance with the Schneider Group's demands and reinforced the earlier assertion that "there are many serious issues arising from Pine's management . . . and such claims should survive a motion to dismiss and a motion for summary judgment." *Id.* at 200. In short, the HK Letter set out specific legal

5

claims, including facts, legal theories of liability, and sufficiently clear demands for relief. The letter therefore constituted a "Claim" within the meaning of the Policy. Because it was made before the Policy Period, Colony had no obligation to defend or to indemnify Pine in the Schneider Action, and the district court correctly granted judgment on the pleadings.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court