23-7282-cv
*NY-32 Realty Grp., Inc. v. Westcor Land Title Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-four.

Present:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> EUNICE C. LEE,
> *Circuit Judges.*

---

NY-32 REALTY GROUP, INC.,

> *Plaintiff-Appellant*,

v.                                                                No. 23-7282-cv

WESTCOR LAND TITLE INSURANCE COMPANY,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:                    PHILLIP A. OSWALD,
                                            (Taylor M. Way, *on the
                                            brief*), Rupp Pfalzgraf LLC,
                                            Saratoga Springs, NY.

For Defendant-Appellee:                                      JONATHAN B. NELSON,
                                                             Dorf Nelson & Zauderer
                                                             LLP, Rye, NY.


Appeal from a September 5, 2023 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant NY-32 Realty Group, Inc. ("NY-32") sued Defendant-Appellee Westcor Land Title Insurance Company ("Westcor") seeking a declaratory judgment related to a title insurance policy issued by Westcor ("the Policy"). NY-32 appeals from the district court's order granting Westcor's motion for summary judgment and denying NY-32's motion for partial summary judgment.

On February 27, 2020, NY-32 purchased a parcel of real property located in Catskill, NY ("the Inn") for $5.8 million. The Inn was conveyed by a deed signed on behalf of L&H Resort Systems LP ("L&H") by Yuzheng Miao, as president of L&H, and William Su, as a member of L&H.[1] Joint App'x at 7. In connection with its purchase of the Inn, NY-32 bought the Policy, which insured against "[a]ny defect in . . . the Title," including, but not limited to, a defect caused by "forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation," or "failure of any person or Entity to have authorized a transfer or conveyance." *Id.* at 24. The Policy also contained several express exclusions from coverage, including Exclusion 3(a), which

---

[1] Whether Miao and Su indeed held these positions and had authority to execute the deed thus is central to the underlying litigation for which NY-32 is seeking coverage.

provided that "the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of . . . [d]efects, liens, encumbrances, adverse claims, or other matters . . . created, suffered, assumed, or agreed to by the Insured Claimant." *Id.* at 25.

Shortly after NY-32 acquired title to the Inn, L&H and several of its partners sued NY-32 in Greene County Supreme Court ("the Greene County Action") to set aside the deed. Westcor did not provide a defense or indemnify NY-32.

NY-32 sued Westcor, seeking a declaratory judgment regarding Westcor's duty to defend and indemnify. The district court concluded that Westcor had no duty to defend or indemnify NY-32 in the Greene County Action. Because the complaint alleged that NY-32 had knowingly participated in a scheme to fraudulently transfer title, the district court reasoned that the litigation fell within Exclusion 3(a) of the Policy, placing the litigation outside of the Policy's coverage. NY-32 timely appealed.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

*           *           *

"We review a district court's grant of summary judgment de novo, 'resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party.'" *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326 (2d Cir. 2020) (quoting *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020)). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under New York law, an insurer's duty to defend is distinct from, and broader than, the duty to indemnify. *See Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir. 2014). "[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (quoting *Continental Cas. Co. v. Rapid-American Corp.*, 80 N.Y.2d 640, 648 (1993)). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Id.* "In addition, exclusions are subject to strict construction and must be read narrowly." *Id.*

"Whether a complaint asserts additional claims falling outside the policy is immaterial." *Euchner-USA, Inc.*, 754 F.3d at 141. "Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved in favor of the insured and against the carrier." *Id.* (citation omitted). "Nonetheless, 'an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.'" *Sammy v. First Am. Title Ins. Co.*, 205 A.D.3d 949, 954 (2d Dep't 2022) (quoting *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41, 45 (1991)).

The district court correctly concluded that Westcor had no duty to defend the Greene County Action because there is no "reasonable possibility of coverage" under the Policy. *Auto. Ins. Co.*, 7 N.Y.3d at 137. The Greene County Action names NY-32 as the sole defendant and alleges that NY-32 worked with others to unlawfully transfer the Inn without proper authority. It is true that, as NY-32 argues, many of the allegations in the complaint focus on the actions of other

4

individuals, including Miao and Su. However, the complaint also alleges that NY-32 was aware of those individuals' actions, knew that they ultimately lacked authority to transfer the Inn, and nonetheless engaged in the transaction "in order to gain an advantage" to which it was not entitled. Joint App'x at 44–45, Verified Compl., *Yiqing Han, et al. v. NY-32 Realty Group Inc.*, Index No. EF2021-56 (N.Y. Sup. Ct. Jan. 26, 2021). These actions were, according to the complaint, "the culmination of nearly a decade long period of fraudulent conduct and other criminal wrongdoing." *Id.* at 41.

When read as a whole, the complaint clearly alleges that NY-32 was an active *participant in* a fraudulent scheme to transfer the Inn without proper title, rather than the *victim of* such a scheme. The Greene County plaintiffs' allegations regarding defects in NY-32's title are therefore inseparable from their allegations of fraud by NY-32. Because the Policy explicitly provides that Westcor has no duty to pay costs, attorneys' fees or expenses that arise as a result of defects in title "created, suffered, assumed, or agreed to by" NY-32, Joint App'x at 25, Westcor has no duty to defend NY-32 in the original Greene County Action. *See Queens Org., LLC v. First Am. Title Ins. Co.*, 172 A.D.3d 932, 933 (2d Dep't 2019).

NY-32 argues that Exclusion 3(a) does not apply to the Greene County Action because the allegations of fraud by NY-32 are "superfluous" to the litigation, which primarily focuses on the wrongdoing of others. Appellant's Br. at 23. According to NY-32, the allegations of other parties' fraud or lack of authority will be sufficient to void or set aside the deed, "regardless if there are other, separate allegations of NY-32's involvement." *Id.* at 25. But as NY-32 correctly explained below, a deed executed without authority is merely voidable, not void, meaning bona fide purchasers may retain title. *See* Mem. in Supp. of Mot. for Partial Summ. J. at 13–14, *NY-32*

5

*Realty Grp. Inc. v. Westcor Land Title Ins. Co.*, No. 1:22-CV-803 (N.D.N.Y. Jan. 12, 2023), ECF

No. 19-11 (citing *Faison v. Lewis*, 25 N.Y.3d 220, 224 (2015)).

    We have considered NY-32's remaining arguments and find them to be without merit.[2]

Accordingly, we **AFFIRM** the judgment of the district court.

                             FOR THE COURT:

                             Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We need not and do not address whether Westcor has a duty to defend NY-32 in a consolidated action filed in Greene County in 2023.  *See* Joint App'x at 114, Summons and Complaint, *Yiqing Han et al. v. Li Li et al.*, Index No. EF2023-169 (N.Y. Sup. Ct. Mar. 14, 2023).  That suit, filed well after briefing on the parties' cross motions for summary judgment concluded, was not the subject of NY-32's complaint below.