24-1114-cv
Alexanian v. Gov't Emps. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Garo Alexanian,

> *Plaintiff-Appellant*,

> v.                                                      24-1114-cv

Government Employees Insurance Company, Travelers Casualty Insurance Company of America,

> *Defendants-Appellees.*\*

_____
_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

For Plaintiff-Appellant:                           Garo Alexanian, pro se, Flushing, NY.

For Defendants-Appellees:                     HENRY M. MASCIA, Frank M. Misiti, Rivkin Radler LLP, Uniondale, NY (*for* Government Employees Insurance Company).

LOGAN A. CARDUCCI, Amy C. Gross, Usery & Associates LLC, Hartford, CT (*for* Travelers Casualty Insurance Company of America).

Appeal from a March 30, 2024 judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Garo Alexanian, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of the defendants, Government Employees Insurance Company ("GEICO") and Travelers Casualty Insurance Company of America ("Travelers"). Alexanian sought a declaratory judgment that the defendants had a duty to defend and indemnify him in a state lawsuit

2

against a counterclaim alleging that Alexanian had defamed a former employee. The district court granted summary judgment, concluding that the insurance policies excluded a duty to defend Alexanian from the allegations of defamation. *Alexanian v. Gov't Employees Ins. Co.*, No. 21-CV-05427, 2024 WL 1345216, at *3–4 (E.D.N.Y. Mar. 29, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).[1]

---

[1] Below, Defendants and the district court failed to provide proper notice to Alexanian regarding the nature and consequences of summary judgment. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999) (explaining that, generally, either the opposing party or the district court must advise a *pro se* litigant that he is "required to present counter-affidavits or other documentary evidence as to *every* genuine issue of material fact that he wishe[s] to preserve for trial"); *see also* E.D.N.Y. Local Rule 56.2 (providing that "[a]ny represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document" a notice "with the full

The district court properly concluded that GEICO and Travelers were entitled to summary judgment. Under New York law, an insurer's duty to defend is distinct from, and broader than, the duty to indemnify. *See Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir. 2014). "[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (quoting *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 648 (1993)). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be[.]" *Id.* (quoting *Ruder & Finn v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 670 (1981)). "Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved

---

texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1," together with its motion papers). Failure to provide such notice is ordinarily a ground for reversal, except where the *pro se* litigant demonstrates an understanding of the motion through "the nature of the papers submitted . . . and the assertions made therein as well as the litigant's participation in proceedings." *Vital*, 168 F.3d at 621. We conclude that reversal is not warranted here because, through his briefing and participation in the litigation below, Alexanian demonstrated an understanding of his obligation to counter the defendants' factual assertions with specific evidence in order to overcome their motion for summary judgment.

4

in favor of the insured and against the carrier." *Euchner-USA, Inc.*, 754 F.3d at 141 (quoting *Brook Shopping Ctr. v. Liberty Mut. Ins. Co.*, 439 N.Y.S.2d 10, 12 (N.Y. App. Div. 1981)).

"When an insurer seeks to disclaim coverage on the further basis of an exclusion, as it does here, the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation." *Auto. Ins. Co.*, 7 N.Y.3d at 137 (internal quotation marks omitted). "Although [the insured] denies the allegations of the complaint, we must assume—for the purpose of determining coverage—that what is alleged actually happened." *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 159 (1992).

Here, no genuine issue exists as to whether the defamation counterclaim asserted by Alexanian's former employee, Rosa Morales, "suggest . . . a reasonable possibility of coverage." *Auto. Ins. Co.*, 7 N.Y.3d at 137 (quoting *Cont'l Cas. Co.*, 80 N.Y.2d at 648). Morales alleged that Alexanian made "false statements" when he told "his employees and doctors" at his place of business

5

that Morales was "a thief, a cheat, and a dishonorable person." GEICO Supp. App'x at 62. Morales also alleged that Alexanian told another of his employees that she forged that employee's signature and doctor's license. In her bill of particulars, Morales additionally alleged that Alexanian made false statements about: (1) her failure to pay rent on an apartment leased to her by Alexanian, via his business, as part of her employment arrangement, (2) the circumstances of her raise to $50,000, afforded to her by Alexanian, and (3) her prior living situation, as well as how she came to need a place to live. Finally, Morales alleged that Alexanian "acted maliciously and with wanton, reckless, and willful disregard for [her] rights with the purpose to injure [her] reputation, professional standing and with intent to cause [her] to lose her job." *Id.* at 63.

Both insurers were excused from defending Alexanian against Morales's claims based on the policies' employment-related practices exclusions.[2] The Travelers policy excluded from coverage any "[p]ersonal injury . . . arising out of

---

[2] Appellees also argue that the intentional acts exclusions of both policies precluded coverage. Because we find that the employment-related practices exclusions apply, we need not and do not express a view as to whether Morales's counterclaim would also have fallen within the bounds of the intentional acts exclusions.

6

any . . . [e]mployment-related practices, policies, acts, or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation,[3] harassment, humiliation or discrimination directed at that person." Travelers Supp. App'x at 253. Similarly, the GEICO policy disclaimed coverage for "damages arising from . . . [b]usiness pursuits or business property of an insured." GEICO Supp. App'x at 7.

In the insurance context, New York courts have interpreted such provisions broadly, holding that "the phrase 'arising out of' is ordinarily understood to mean originating from, incident to, or having connection with." *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 568 (2d Cir. 2011) (internal quotation marks omitted). "The phrase requires only that there be *some* causal relationship between the injury and the risk for which coverage is provided" or excluded. *Id.* (internal quotation marks omitted).

---

[3] Both Travelers and Alexanian stated in their appellate briefs that defamation was not expressly listed as an employment-related practice, policy, or act within the language of the exclusion. Our review of the policy included in the Travelers Supplemental Appendix, however, reveals that defamation was indeed an enumerated example.

7

Here, Morales alleged that Alexanian made false statements about her to third parties, including his employees at his place of employment, regarding her professionalism and the circumstances of her eviction from the apartment she rented as part of her employment arrangement. Further, Morales linked these statements to workplace disputes, including an incident in which she confronted Alexanian about a medical decision he had made at work. Because these allegations clearly originate from or have a connection to Alexanian's employment of Morales, they fall within the employment-related practices exceptions of both policies and are therefore properly excluded from coverage.

We have considered Alexanian's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8